## STATE v. E. N. S. LEE.

*Peddler—Selling by Sample Without License.*

1. A  " peddler " is one who sells and delivers the identical goods he carries about with him.
2. One who sells ranges, etc., by sample and by taking orders for goods to be thereafter delivered and paid for, is not indictable for failure to pay the tax imposed upon the business of peddling ranges, etc., by section 28, ch. 294, Acts of 1893.

CRIMINAL ACTION, tried at Fall Term, 1893, of YANCEY Superior Court, before *Boykin, J.,* and a jury.

The jury returned a special verdict, upon which his Honor adjudged the defendant " not guilty," and the State appealed.

The facts are stated in the opinion of Associate Justice CLARK.

*The Attorney General,* for the State (appellant).

*Mr. G. S. Ferguson,* for defendant.

CLARK, J.: Whether the taxing of the occupation of selling "clocks, stoves or ranges," by sample, under the state of facts found by the special verdict in this case, and whether to do so would be an interference with interstate commerce, is an interesting one.   There are cases which would seem to indicate that the State could lawfully collect such tax upon the facts here found to exist, if the Legislature had seen fit to impose it.   *Machine Co.* v. *Gage,* 100 U. S., 676; *State* v. *French,* 109 N. C., 722.   But we need not and do not pass upon that point.

The tax, for the failure to pay which the defendant is on trial, is that which is levied by section 28, ch. 294, Acts 1893, which provides, "On every itinerant person or company peddling clocks, stoves or ranges, fifty dollars annually on each wagon (if wagons are used) in each county where he or they may peddle.   If wagons are not used, the tax shall be paid on each agent."   The special verdict finds that the defendant sold the ranges by a sample range which he carried around in his wagon, and that he "did not sell any sample range."   The tax is laid only on "peddling," and the defendant did not peddle his ranges.   The usual and ordinary significance of that word indicates the occupation of an itinerant vender of goods, who sells and delivers the identical goods he carries with him, and not the business of selling by sample and taking orders for goods to be thereafter delivered and to be paid for wholly, or in part, upon their subsequent delivery.   Webster's International Dictionary defines "peddle—to sell from place to place; to retail by carrying around from customer to customer; to hawk.   Hence, to retail in very small quantities."   Also, "to travel about with wares for sale; to go from place to place or from house to house for the purpose of retailing goods: as, to *peddle* without a license."

Worcester defines it simply "to carry about and sell; to retail as a peddler." To the same purport are the other dictionaries.

As the defendant did not "carry about and sell" the ranges, but sold only by sample, he did not violate the statute by failure to pay the tax upon the business of "peddling ranges."

No Error.