STATE v. J. U. GIBBS AND THE WROUGHT IRON RANGE COMPANY.

*Peddlers—Itinerant Salesmen—Selling by Samples.*

One who, while in the employment of another, with a wagon and team and a sample range, exhibited his samples to another in this State and solicited his order for a range similar to the sample, to be delivered in thirty days—the exhibition not being made either in the street or in a house temporarily rented for the purpose of exposing to sale goods, wares and merchandise—is not liable to indictment for failure to pay the license imposed either upon "*peddlers*" by section 28 of chapter 294 (the Revenue Act) of the Laws of 1893, or upon "itinerant salesmen" by section 23 of said act.

CRIMINAL ACTION tried by *Armfield, J.,* and a jury, at Spring Term, 1894, of Pasquotank Superior Court. The following is the special verdict and the judgment :

" We the jurors empaneled to try the above cause find the following special verdict :

"1. The Wrought Iron Range Company is a corporation existing under the laws of the State of Missouri, all the officers and stockholders of which are citizens and residents of St. Louis, Mo., where said corporation has its factory for manufacture of ranges or stoves.

"2. On or about ____ day of January, 1894, the defendant corporation furnished its agent, J. U. Gibbs, one of the defendants, a wagon, team and sample range, and sent him into Pasquotank County, North Carolina, to canvass the sale of said ranges and to take orders for future delivery for ranges so manufactured and owned by said corporation.

"3. Pursuant to said employment, for which said corporation paid him a salary, the said Gibbs on ____ day of _____, 1894, exhibited said sample range to one Thomas in said county and solicited his order for a range similar to said sample range to be delivered in thirty days—offering to take a note therefor to be void if the corporation failed to deliver the range within thirty days. Said Gibbs took no orders for ranges.

"4. `Said corporation's mode of doing business is as follows They ship from their factory in St. Louis, Mo., a car containing seventy-two ranges consigned to itself in care of their division Superintendent, who is a citizen and resident of Tennessee, but temporarily located at Elizabeth City, N. C., where he has an office for correspondence with said company, and to receive and fill the orders for ranges taken by the agents canvassing the county.

"The ranges shipped as aforesaid are received and stored at Elizabeth City in a warehouse rented for the purposes of storing said ranges and of filling the said orders ; no ranges

are offered for sale or sold at warehouse except as above stated. The ranges are sold in original·packages.

"5. The defendants had no license and paid no tax to North Carolina for doing said business.

"If upon said facts the Court is of opinion that the defenants are guilty, then the. jury find them guilty, but if the Court be of the opinion that the defendants are not guilty upon the facts found, then the jury find them not guilty." And the Court having instructed the jury that the defendants were guilty upon the facts found, the jury returned a verdict of guilty. Wherefore, the Solicitor for the State prays judgment, and the Court adjudges that the defendants pay a fine of $50 and the costs of the prosecution. Defendants appealed.

*The Attorney General,* for the State.
*Messrs. Strong & Strong,* for the defendants (appellants).

MacRAE, J.: The warrant describes two offences:

"1. That the defendants did, as itinerant salesmen, expose for sale either on the street or in houses rented temporarily for that purpose, goods, wares and merchandise, to wit, certain stoves, contrary to the statute, etc., without a license.

"2. Unlawfully and wilfully did peddle goods, wares and merchandise, to wit, certain stoves, with two mules and a vehicle, the said Gibbs and The Wrought Iron Range Company not then and there having a license so to sell and peddle said goods, etc., contrary to the statute," etc.

It is admitted by the Attorney General, on the authority of *State* v. *Lee,* 113 N. C., 681, that the defendants were not peddlers, and, therefore, would not be liable for the license tax imposed upon peddlers of clocks, stoves and ranges under section 28 of chapter 294 (the Revenue Act) of the Laws of 1893. But it is contended that the defendants are liable under section 23 of said act as "itinerant salesmen." This section, after imposing a license tax upon peddlers, proceeds:

" Every itinerant salesman, who shall expose for sale either on the street or in houses rented temporarily for that purpose, goods, wares or merchandise, shall pay a tax," etc.

The special verdict finds that defendant Gibbs, in the employment of the defendant company, with a wagon and team and a sample range, exhibited his sample to one Thomas in said county, and solicited his order for a range similar to said sample, to be delivered in thirty days. It is not found that this exhibition was made either in the street or in a house rented temporarily for the purpose of exposing to sale goods, wares and merchandise. It fails to find—indeed, it finds to the contrary—that any goods were exposed to sale by defendant. The statute was evidently intended to reach that class of salesmen who, while not strictly peddlers, carry their goods and sell from place to place, are engaged in a business of a transient nature, carried on in booths or stands upon the streets of cities and towns, in houses occupied for this temporary purpose. As the defendants were not liable, either under section 23 or 28 of the Revenue Act, for the payment of a license tax, no Federal question arises upon the right of the State to impose a license tax for doing such business as was found by the special verdict to have been done in this instance.

We hold that, according to the facts found in the special verdict, the defendants are not guilty. There is error.

Judgment Reversed.