### STATE v. FRANKS.

#### (October 9, 1900.)

1. *Peddlers—License—Hawkers—Criminal Law.*

> One who sells goods by sample, which goods are shipped to purchaser in care of one who sold them and delivered by him, is a peddler under Acts 1899, chap. 11, sec. 25.

INDICTMENT against Nathan Franks, for peddling goods without a license, heard by Judge *A. L. Coble* and a jury, at Spring Term, 1900, of DARE Superior Court. From a verdict of guilty and judgment, the defendant appealed. The special verdict is set out in full in the opinion.

*Zeb. V. Walser,* Attorney-General, and *B. G. Crisp,* for State.

*E. F. Aydlett,* for defendant.

FURCHES, J. The defendant is indicted for peddling without license to do so. Upon the trial at Spring Term, 1900, of DARE Superior Court, the jury found the following special verdict: "We, the jury impanneled to try the issue in this case, find the following facts as a special verdict: (1) that the defendant, Nathan Franks, is employed by L. Lavanstein as salesman; that said Lavanstein is conducting a dry-

goods and notions and clothing mercantile business in Elizabeth City, N. C., and during the latter part of April, 1900, defendant spent three days going from house to house in the above county, exhibiting samples of goods of said Lavanstein, his said employer, and taking orders for said goods from his patrons in retail quantities, using a horse and buggy for the purpose of conveying trunks or boxes containing said samples from place to place—of dry goods, notions, and clothing. (2) That the orders for such goods were by said Franks transferred to his principal, in Elizabeth City, and there the goods so ordered were wrapped in packages, and marked to the various purchasers thereof in Dare County, and shipped to said parties in care of defendant, and by him delivered to said purchasers without buggy, cart, or wagon. (3) That prior to this time the Board of County Commissioners had made an order that no more peddlers' license should be granted for Dare County, which order was then in force, and defendant had no peddler's license. (4) That sales of goods were made in the above-indicated manner to Mrs. Caroline Etheridge and a large number of others in said county, and the defendant announced it as his purpose to make other trips in the future for the purpose of selling merchandise as aforesaid, as clerk of said Lavanstein. If, upon the above state of facts, the Court be of opinion that the defendant is guilty, then the jury so find; if otherwise, the jury find him not guilty." Thereupon the Court was of opinion that the defendant was guilty, and the defendant appealed from the judgment pronounced. It would seem that the question presented by this appeal is settled by the decision of this Court in *Range Co. v. Carver*, 118 N. C., 328. Sec. 23, chap. 116, Acts 1895, is the same as sec. 25, chap. 11, Acts 1899. And, this being so, we are unable to distinguish this case from the case of *Range Co. v. Carver*.

Affirmed.