STATE v. FRANK.

(Filed June 13, 1902.)

PEDDLERS—*Licenses—Taxation—Interstate    Commerce—Hawkers—Acts 1901, Chap. 9, Secs. 54, 103.*

> A person who travels from house to house on foot selling goods by sample, and afterwards delivers them on foot, is not a peddler, under Acts 1901, Chap. 9, Secs. 54, 103.

INDICTMENT against W. H. C. Frank, heard by Judge *George A. Jones* and a jury, at March Term, 1902, of the Superior Court of CHOWAN County. From a special verdict and judgment of not guilty thereon, the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Wolcott, Wolcott & Gage,* for the defendant.

CLARK, J.   Laws 1901, Chap. 9, Sec. 54, provides, "Any person who shall carry from place to place any goods, wares or merchandise and offers to sell or barter *the same,* shall be deemed to be a peddler, and shall pay a license tax." Section 103 makes it indictable to peddle without license, and the defendant is indicted therefor.   The special verdict finds in substance that the defendant not having such license traveled from house to house on foot, exhibiting samples of goods; that he took orders for the goods and sent them to his principal in Norfolk, Va., who shipped the goods to defendant at Edenton, who, travelling around on foot, delivered said goods, not using a wagon, cart or buggy either in exhibiting samples or delivering the goods.

The defendant places stress upon the following provision in said Section 54:   "Any person carrying a wagon, cart or buggy for the purpose of exhibiting or delivering any wares or merchandise shall be considered a peddler."   A peddler is

primarily one who travels on foot and the above words were used not to restrict the signification, but to extend it to the additional class who sold the goods they carried around in cart, wagon or buggy, and not on foot.

In *State v. Lee,* 113 N. C., 681, 37 Am. St. Rep., 649, it was held, citing the standard dictionaries, that a peddler is one who sells and delivers the identical goods he carries about with him. This was recognized as authority in *State v. Gibbs,* 115 N. C., 700, and *Range Co. v. Carver,* 118 N. C., 328. In the latter case, at page 334, the Court noted that there had been added to the statute the words, "Any person carrying a wagon, cart or buggy for the purpose of *exhibiting or delivering* any wares or merchandise shall be considered a peddler." In *State v. Franks,* 127 N. C., 510, the defendant came within the very terms of the decision in *Range Co. v. Carver, supra,* and that decision was reaffirmed. The present case differs from that, in that the exhibit of the samples and the delivery of the goods were made on foot. On the special verdict the Court properly adjudged the defendant not guilty. To review the decisions:

A peddler is primarily one who travels around on foot selling or bartering the identical goods he carries. *State v. Lee,* and *State v. Gibbs, supra.* The act extends the word "peddler" to embrace one selling and bartering the identical goods when he uses a wagon, cart or buggy, and further extended the word to embrace those using such cart, wagon or buggy to exhibit or deliver the goods. *Range Co. v. Carver,* and *State v. Franks, supra.* But here the defendant did not use a wagon, cart or buggy to exhibit or deliver the goods, nor does the defendant come under the primary meaning of the word by selling or bartering the identical goods. It may be that the defendant has purposely evaded the law. He has evidently carefully studied the statute and has avoided coming within the prohibition against "peddling without license."

It may be a hardship that merchants on this side of the State line, who pay their full share of taxes, shall thus have the competition of a Norfolk house, which sends its agent out on foot to sell by sample, and to whom the goods are shipped, and by said agent delivered on foot. If so, the remedy is in the law-making body changing the statute to fit such cases. As it is now worded, the defendant is not within the definition of a peddler, nor subject to the tax for carrying on that business, for reasons given above.

No Error.