# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## KLOSS v. COMMONWEALTH.

### January 26, 1905.

1. CRIMINAL LAW—*Peddlers—Travelling Salesman—Case at Bar.*—A travelling salesman for a broom manufacturer went from place to place, and his employer shipped him from the factory, by rail, to the freight stations along his route, brooms in such quantities as the employer thought would be sufficient to supply the trade at such points. The shipments were so timed as to reach the salesman on his arrival at each place. From the shipments so made the salesman would select one or two brooms, as samples, and with these go around and drum the town for orders, taking orders from merchants only, and never for less than dozen lots. After taking all the orders to be gotten in a town, the salesman would go to the depot, get the brooms, and fill the orders taken, by delivering the brooms. This method of selling brooms was an established feature of the business of broom manufacture, rendered necessary to avoid injury to the brooms by bending and breaking the straw when shipped in small lots from the factory. The salesman had no license to peddle brooms.

   *Held;* The salesman is not within the spirit or letter of the Act. of Assembly (Code, 1904, pp. 2223-'4), defining a peddler, and fixing a penalty upon him for doing business without a license.

2. CRIMINAL LAW—*Penal Statutes—Construction—Revenue Act.*—In so far as a revenue law imposes penalties for its violation, it is a penal statute and is to be strictly construed, and no man is to be subjected to its penalties unless he comes clearly within the spirit and letter of the statute.

Error to a judgment of the Corporation Court of the city of Fredericksburg, affirming a judgment of the mayor of said city,.

imposing a fine on the plaintiff in error for doing business as a peddler without license.

*Reversed.*

The opinion states the case.

*Charles L. Page,* for the plaintiff in error.

*Attorney-General William A. Anderson,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Corporation Court of the city of Fredericksburg, affirming a judgment of the mayor of that city, finding John Kloss, the plaintiff in error, guilty of carrying on the business of a peddler, without first having obtained a license therefor, as required by section, or paragraph, 50 of the tax bill approved April 16, 1903, as amended by an act approved May 13, 1903. Appendix to Va. Code, 1904, pp. 2223-2224.

That section, so far as it is material to a consideration of this case, is as follows: "Any person who shall carry from place to place any goods, wares or merchandise, and offer to sell or barter the same, or actually sell or barter the same, shall be deemed to be a peddler. . . . All persons who do not keep a regular place of business (whether it be in a house, on a vacant lot, or elsewhere), open at all times in regular business hours, and at the same place, who shall offer for sale goods, wares and merchandise, shall be deemed peddlers under this act. And all persons who do keep a regular place of business open at all times in regular business hours, and at the same place, and who shall personally, or through their agents, offer for sale or sell, and at the time of such offering or sale deliver

goods, wares and merchandise, shall also be deemed peddlers
as above. . . ."

The evidence shows that the plaintiff in error was the trav-
elling salesman of one Chalkley, who carried on the business
of a broom manufacturer in the city of Manchester. The
salesman's method of doing business was to go from place to
place, his employer shipping him from the factory, by rail,
to the freight depot at each place on the salesman's route,
brooms in such quantities as would in their opinion be suffi-
cient to supply the trade at such point. The shipments were
so timed as to reach the salesman on his arrival at each place.
From the shipments so made, the salesman would select one
or two brooms as samples, and with these go around and
drum the town for orders, taking orders only from merchants,
and never for less than dozen lots. After taking all such
orders as he could get in the place, the salesman would go to
the freight depot and there "shape up" his brooms, and fill
the orders taken by delivering the goods. It further appears
that this method of selling brooms was an established feature
of the business of broom manufacture, rendered necessary to
avoid injury to the brooms by bending and breaking the straw
when shipped in small lots from the factory.

The only question presented here is whether the plaintiff in
error, in doing the acts he did without a license, came within
the provisions of the statute quoted.

It was conceded by the Attorney-General in oral argument,
and properly so, that the business in which the plaintiff in
error was engaged was not within the spirit of the act in
question. Nor do we think that it is clearly within the letter
of that law. If the plaintiff in error had gone from place to
place in the State and taken orders for the brooms manufac-
tured by his principal, and sent such orders to the latter at his
place of business in Manchester to be filled by him, the plaintiff

in error could not be regarded as a peddler. Neither would he be a peddler, if, instead of sending such orders to his principal to be filled, he had notified him of the amount of brooms necessary to fill the orders taken, and the brooms had been shipped to him from the factory; or he had gone to the factory and gotten the goods and filled the orders theretofore taken by him.

In the case of *Rex* v. *McKnight*, 10 Barn. & Cres. 734, the accused was in the employ of a tea dealer, and was sent by his master about the neighboring country once every fortnight soliciting orders, and on subsequent occasions was sent to deliver small parcels of tea in pursuance of those orders. This was held not to be an exposing for sale, or a carrying to sell, within the meaning of the Hawkers' and Peddlers' Act so as to subject the defendant to a penalty for trading without a license.

In *Village of Stamford* v. *Fisher*, 140 N. Y. 187, 35 N. E. 500, the defendant had a wagon with which he made trips to the village, filling his previous orders and taking new ones at the various houses. It was held that this failed to establish a violation of the town ordinance prohibiting all persons "from hawking or peddling in the public streets" of the village.

In *Com'th* v. *Ober*, 12 Cush. 493, it was held that it was not a violation of the Massachusetts statute concerning hawking and peddling, for an agent to go about delivering to traders in the country goods made by his principals in Boston, which had been previously ordered by such traders. See also *Com'th* v. *Farnum*, 114 Mass. 167.

In *Com'th* v. *Eichenberg*, 140 Pa. St. 158, 21 Atl. 258, it was held that one who travels through the county as the employee of a store kept therein and without a license solicits orders, and afterwards delivers goods to the person ordering, is not a peddler within the meaning of the peddlers' act involved in that case.

In *State* v. *Frank*, 130 N. C. 724, 41 S. E. 785, 89 Am. St. Rep. 885, it was held that one who travels from house to house on foot, exhibiting samples of goods and taking orders which he sends to his principals in another State, who ship them to him and he afterwards delivers such goods, is not a peddler.

The plaintiff did not carry brooms from place to place for sale. He was merely the salesman of a manufacturer who had a regular place of business, and who shipped from the factory to each point the salesman visited goods to fill such orders as he secured at such place. The goods with which orders were filled at each place where the salesman took orders were shipped directly from the factory to such place, and not from one place along the salesman's route to another.

The mere fact that brooms were shipped from the factory, the principal's place of business, so as to enable the salesman to fill the orders after they were taken by him, instead of having the goods shipped to him after the orders were taken, does not, it seems to us, work such a change in the character of the business as to make the plaintiff in error a peddler within the meaning of our statute, where such a method of business was adopted, not for the purpose of evading the revenue laws, but because that mode of delivery was an established feature in the business of manufacturing brooms.

The rule is universal, except where otherwise provided by statute, that penal statutes are to be construed strictly, and are never to be extended by implication. This rule applies with full force to a case like the present, for while the statute on which the prosecution is based is a revenue law, yet in so far as it imposes penalties for a violation of its provisions, it is a penal statute, and must be construed accordingly.

"No man," said the court in *Harris* v. *Com'th*, 81 Va. 240, 243, 59 Am. Rep. 666, "incurs a penalty unless the act which subjects him to it is clearly within the spirit and the letter of

the statute imposing the penalty." Sutherland on Statutory Constr., sec. 348.

It follows from what has been said that we are of opinion that the judgment complained of is erroneous, and must be reversed, and the prosecution dismissed.

*Reversed.*