# Wytheville.

## G. B. MACKE v. COMMONWEALTH.

June 18, 1931.

Present, All the justices.

The opinion states the case.

*H. Bruce Green,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

PRENTIS, C. J., delivered the opinion of the court.

G. B. Macke, upon a warrant charging him with unlawfully operating a certain slot machine, in the operation of which cigarettes were disposed of, unlawfully and in violation of section 198 of the Tax Code, has been convicted, first before the trial justice, and then, upon appeal, in the Circuit Court of Arlington county. He was fined $20.00 and costs, and the vending machine has been ordered forfeited to the Commonwealth.

The court certifies the evidence to be:

"The following evidence on behalf of the Commonwealth was all of the evidence introduced on the trial of this cause, and comprises *in toto* the statements of facts agreed upon by counsel for the Commonwealth and counsel for the defendant, no evidence having been introduced on behalf of the defendant; that G. B. Macke, the defendant in this cause, is the owner of numerous automatic vending or slot machines that are used for the disposal of candy, chewing gum, matches and cigar-

ettes; that the said defendant did on the twelfth day of November, 1930, obtain from the commissioner of revenue of Arlington county, Virginia, a license to place and use his automatic candy vendors or slot machines in one of the local business concerns of Arlington county, Virginia, the Commonwealth's attorney for said county having first certified to the said commissioner of revenue that there was, in his opinion, no element of chance involved in the operation of the machine, and the said G. B. Macke having signed an affidavit to the same effect; that the said defendant forthwith placed one of his said automatic candy vendors or slot machines in one of the local business concerns and proceeded to carry on his business as authorized by his license; that on the fifth day of December, 1930, the said G. B. Macke, applied and obtained from the said commissioner of revenue of Arlington county, Virginia, a tobacco license for the retailing of tobacco, and on the sixth day of December, 1930, in Arlington county, Virginia, in the same local business concern did place one of his automatic vending or slot machines that disposed cigarettes, and did operate his said vending or slot machine, in the operation of which cigarettes were disposed of to the public; that the purchasers of cigarettes through this machine were all of legal age, and no minors operated said machine, or received cigarettes from anyone of said purchasers who did operate same; that there is no element of chance involved in the machine's operation, as a standard and regulation package of twenty cigarettes were dispensed upon the insertion of one nickel and one dime and the pulling of a knob for the release of the said package of cigarettes. The various brands dispensed in this machine were 'Old Gold,' 'Camel,' 'Lucky Strike,' and 'Chesterfield'; that the merchant, tobacco and all other license laws of the State of Virginia were fully complied with by the said defendant, G. B. Macke; that the said defendant, G. B. Macke, was arrested on the sixth day of December, 1930, and charged with operating a certain slot machine, in the operation of which cigarettes

were disposed of, unlawfully and in violation of section 198 of the Tax Code of the State of Virginia."

The two assignments of error raise substantially the same questions and may be discussed together.

The accused made a motion to strike out all of the evidence on behalf of the Commonwealth and to discharge him, contending that section 198 of the Tax Code of Virginia, upon which the prosecution is based, violates section 52 of the Constitution of Virginia, in that it embraces more than one object, and that the offense charged is not a criminal act.

So much of section 198 of the Tax Code as is pertinent reads: "Any person, firm or corporation having anywhere in the State of Virginia a slot machine of any description into which are dropped nickels or coins of larger denominations, to dispose of chewing gum or other articles of merchandise or for the purpose of operating musical or other devices that operate on the nickel-in-the-slot principle, used for gain, except as a pay telephone, shall pay for every such slot machine or musical or other device, as the case may be, a State license tax of $5.00 per year * * *." Then follow various exceptions, which are here immaterial, and this significant proviso: "Provided, however, that nothing contained in this section shall be construed as permitting any such person, firm or corporation to keep, maintain, exhibit or operate any slot machine or other device, in the operation of which cigarettes are disposed of or in which the element of chance enters." The section contains this penal clause: "Any person, firm or corporation having any such machine or other device and failing to procure a State license therefor, shall be subject to a fine of not less than $20.00 nor more than $50.00 for each offense, and such machine or other device shall become forfeited to the Commonwealth."

The clause of section 52 of the Constitution relied on reads: "No law shall embrace more than one object, which shall be expressed in its title * * *."

This clause has been so fully and frequently discussed and so

often construed that we think it only necessary in this case to cite a few of the Virginia cases. The Tax Code is a general statute relating to taxation, and it has always been held, so far as we are advised, that this constitutional inhibition was never intended to apply to general Code revision, or to a great subdivision thereof under a general but comprehensive title, but its purpose is to prevent the concealment of the real object of a particular statute when separate acts are passed. Hence, the adoption of a code by the general title is broad enough to cover any lawful enactment, notwithstanding section 52. Under the title, "The Tax Code of Virginia," there was a general revision of the tax laws of the Commonwealth. This title, under that rule, is broad enough to cover any enactment pertinent, germane, congruous and having natural connection with the laws relating to the assessment and levy of taxes, licenses levied for the purpose of raising taxes and penalties for all violations of the statute covering that subject. *Ingles* v. *Straus,* 91 Va. 209, 21 S. E. 490; *Iverson Brown's Case,* 91 Va. 762, 21 S. E. 357, 28 L. R. A. 110; *Lacey* v. *Palmer,* 93 Va. 159, 24 S. E. 930, 31 L. R. A. 822, 57 Am. St. Rep. 795; *Bertram* v. *Commonwealth,* 108 Va. 902, 62 S. E. 969; *Commonwealth* v. *C. & O. Ry. Co.,* 118 Va. 261, 87 S. E. 622; *Good* v. *Commonwealth,* 155 Va. 996, 154 S. E. 477.

■ Thus tested, section 198 of the Tax Code of Virginia does not violate Constitution, section 52.

■ Provisions in this Code relating to licenses for the operation of slot machines, regulating their use by the licensees and imposing penalties for violations of the statute and for the abuse of the privilege accorded under the license, are all germane to the subject of taxation and congruous provisions of the "Tax Code of Virginia."

The motion to exclude all of the evidence, the refusal of the trial court to do so, and the resulting judgment require a construction of several sections of the Tax Code.

Section 198, authorizing the license, contains these provisos:

"Provided, however, that nothing contained in this section shall be construed as permitting any such person, firm or corporation to keep, maintain, exhibit or operate any slot machine or other device, in the operation of which cigarettes are disposed of, or in which the element of chance enters; and provided, further, that this section shall not apply to any merchant, who has paid a merchant's license tax and who owns such slot machine and simply uses same inside of his place of business for the purpose of making sales of his goods and merchandise, which goods and merchandise have been regularly purchased by said merchant; * * *."

It is shown that the accused had a license to operate this slot machine, and also a license to sell tobacco. Having no separate place of business, the accused placed his machine in the store of one of the local merchants of Arlington county, Virginia. He claims that because he had a mercantile license to sell tobacco, snuff and cigars by retail (section 201), he was authorized to use his slot machine for the purpose of selling cigarettes, notwithstanding the inhibition in section 198, because of the provision that a merchant who has paid a merchant's license tax may operate a slot machine.

The general merchant, however, as we construe that statute (section 198), though he may also have a retail tobacco license (section 201), and while he may maintain a slot machine without being required to take out a separate license therefor, is not authorized to keep, maintain, exhibit or operate his slot machine either for the sale of cigarettes, because prohibited by section 198, or for any operation in which the element of chance enters, because prohibited by Code, section 4685. The accused secured a license to operate his slot machine, but certainly this affords him no immunity for its illegal operation.

Then, when we examine the section relating to licenses to retailers of tobacco, section 201, we find that no person not a producer shall be allowed to sell by retail, tobacco,

snuff and cigars without having obtained a specific license to do so, and for such privilege a specific tax of $5.00 is required, which shall be assessed and collected as other license taxes, but shall not be in lieu of merchants' licenses on purchases. The privilege granted to the retailer of tobacco by this section must be read in connection with section 198, and, so construed, does not nullify the clear inhibition against selling cigarettes by means of a slot machine. Neither the tobacco retailer, the general merchant, nor one duly licensed to operate a slot machine, is authorized to sell cigarettes in such a machine, because that method of selling cigarettes is expressly prohibited by that section.

██ ██ In this case the offense charged in the warrant was the operation of a slot machine whereby cigarettes were unlawfully sold. The judgment imposes the penalty which is provided for the violation of section 198. The penalty imposed by that section, however, is not for the abuse of the license privilege, nor for the unlawful operation of the slot machine, after having obtained a license, but is clearly limited to the operation of any such machine without first procuring a State license therefor. As penal laws should not be extended by construction, the specific penalties imposed by this section 198 cannot be imposed for the offense which is here proved. The offense which the evidence so clearly shows was not the failure to obtain a license, but the abuse of the privilege granted by the license—that abuse being the selling of cigarettes by means of the machine. That clearly violated section 198, for the selling of cigarettes in that way by any operator of a slot machine is expressly thereby prohibited.

What penalty, then, if any, is imposed by law? This requires a reference to another section of the Tax Code (136). That section is general, and imposes penalties for prosecuting a business, employment, or profession, without a license.

Among other provisions there is this: "If any person, firm or corporation shall, in violation of law, commence to prosecute

any business, employment or profession without a license, such person, firm or corporation shall be guilty of a misdemeanor, and unless otherwise specifically provided by law, shall, on conviction thereof, be fined not less than $5.00 nor more than $1,000.00 for each separate offense."

This section of the statute is, we think, broad enough to cover the offense here shown. Here Macke, under his license to operate a slot machine, was using it for a purpose expressly prohibited—that is, in the business of selling cigarettes in that unlawful manner, having no other license which authorized such sales of cigarettes by means of a slot machine. Certainly cigarettes may be lawfully sold, but to sell them through a slot machine is unlawful. For this violation of the statute (198), the penalty which is authorized by the portion of section 136, which we have just quoted, may be imposed.

Our conclusion, then, is that so much of the judgment as undertook to forfeit the slot machine to the Commonwealth is erroneous, but so much of it as imposed upon the accused a fine of $20.00 for his unlawful use of it is authorized and justified by Virginia Tax Code, section 136.

The judgment will, therefore, be reversed, in so far as it declared the machine forfeited to the Commonwealth, and affirmed as to the fine of $20.00.

*Partly reversed; partly affirmed.*

EPES, J., dissenting.

I do not concur in the conclusion reached by the court in this case, for the reasons below given:

Section 198 of chapter 45, Acts of 1928, designated as the Tax Code of Virginia, as amended by Acts 1930, c. 401, p. 849, at p. 857, imposes a license tax upon all slot machines operated on the coin-in-the-slot principle, and contains this proviso:

"Provided, however, that nothing contained in this section

shall be construed as permitting any such person (*i. e.,* the licensee of a slot machine) to keep, maintain, exhibit or operate any slot machine or other device, in the operation of which cigarettes are disposed of, or in which the element of chance enters."

This proviso, it is held by the court, makes the vending of cigarettes through a slot machine, under any and all circumstances, a crime. Were I of the opinion that this is true, I would be of opinion that the proviso was violative of section 52 of the Constitution.

It sometimes helps to clarify our thinking to consider extreme cases. Suppose, then, that the title of the act here in question and section 198 thereof read as follows, and that subdivision "b" of the section had been inserted in the statute law of Virginia for the first time in this act:

"An act to revise, simplify, arrange and consolidate into one act the general tax and revenue statutes of the Commonwealth of Virginia, which act shall constitute, and be designated and cited as the Tax Code of Virginia."

"Whereas, it is expedient to revise and simplify the general tax and revenue statutes of the Commonwealth, arrange them in appropriate chapters and sections, and consolidate them into a Code; therefore, be it enacted by the General Assembly of Virginia, in the manner following: * * *

"*Section 198. Slot Machines.*—(a) Any person having a slot machine of any description, operated on the coin-in-the-slot principle, used for gain, except as a pay telephone, shall pay for every such slot machine a State license tax of $5.00 per year, except such as are used solely for the sale of agricultural products or cigars, on which shall be levied a State license tax of $3.00 per year.

"(b) Any person who keeps or operates a slot machine in the operation of which cigarettes are disposed of or in which the element of chance enters, shall be guilty of a felony and shall be subject to a fine of not exceeding $10,000.00 and for

confinement in the penitentiary for not less than one nor more than five years.

"(c)  Any person having any such slot machine and failing to procure a State license therefor, shall be subject to a fine of not less than $20.00 nor more than $50.00 for each offense, and such machine shall be forfeited to the Commonwealth."

My understanding of the opinion of the court is that it holds that section 198 of the Tax Code, in effect, does just what is done in the supposed section above stated, except that the provision with reference to the sale of cigarettes is taken from the prior revenue bill (section 139), and that the offense created is made a misdemeanor, and not a felony, and made subject to a lesser penalty.

I cannot conceive that a member of the General Assembly or any other person reading the title of the supposed act would, by any stretch of his imagination, be put upon guard that this act did, or might, contain any such independent provision, making it a felony to vend cigarettes through a slot machine, nor can I see that such a provision is in any way pertinent, germane, congruous with or has a natural connection with the laws relating to the raising or revenue or the assessment and levy of taxes.

I think it is against just such abuses that section 52 of the Constitution is aimed, and I know of no type of acts to which section 52 of the Constitution is more properly applicable than to general or special revenue acts.  Such acts should not create crimes which are entirely independent of any revenue producing provision.

If the holding of the court in this case be correct, I can see no reason why the act here in question, under the title and guise of a revenue measure, might not have contained a provision making it a crime to smoke a cigarette or chew gum while riding in an automobile along the highway, if it therein imposed a license tax for the use of an automobile, or have enacted therein a provision for the integration and incorporation

of the bar of the State or a code of ethics for the legal profession, because a license tax is therein imposed for the practice · of law. Such a holding seems to me to throw both general and special revenue acts wide open as convenient vehicles for the enactment, under the concealment of their titles, of "joker" legislation, just what section 52 of the Constitution was intended to prevent.

The act here under immediate consideration is chapter 401 of the Acts of 1930, the title of which reads as follows: "An act to amend the Tax Code of Virginia by adding a new subsection to section 25 thereof * * *; also to amend and re-enact sections 39, * * * 198 * * * and 415 of the Tax Code of Virginia, which sections are in chapters 6, * * * 14, * * * and 26 of the Tax Code of Virginia on the subjects of income, * * * licenses, * * * and erroneous assessments; and also to repeal section 169, * * *, section 179 * * *, and section 181-a of the Tax Code of Virginia * * *."

The same proviso here in question was contained in section 198 of chapter 45, Acts 1928, the title of which is as follows: "An act to revise, simplify, arrange and consolidate into one act the general tax and revenue statutes of the Commonwealth, which act shall constitute and be designated and cited as the Tax Code of Virginia." (Acts 1928, p. 35.)

Section 198 of chapter 45, Acts 1928, was taken from section 139 of the revenue bill of 1903, as amended and re-enacted, which contained practically this same proviso as to the sale of cigarettes. The title of the revenue bill of 1903 and of the several acts amending section 139 thereof was as follows:

"An act to raise revenue for support of the government and public free schools, and to pay the interest on the public debt, and to provide a special tax for pensions as authorized by section 189 of the Constitution." (Acts 1902-3-4, Ex. Sess., chap. 148, p. 155, approved April 16, 1903.)

"An act to amend and re-enact section 139 of the act to raise revenue (etc.) * * *, which was chapter 148 of the Acts of

Assembly 1902-1903-1904, as amended and re-enacted by the act which is chapter 20 of the Acts of Assembly of 1904, be amended and re-enacted so as to read as follows:" (Acts 1906, c. 292, p. 512.)

"An act to amend and re-enact section 139 of an act entitled an act to raise revenue (etc.) * * * approved April 16, 1903." (Acts 1912, c. 194, p. 462.)

"An act to amend and re-enact section 139 of an act entitled an act to raise revenue (etc.) * * * approved April 16, 1903, as amended and re-enacted by an act approved March 13, 1912." (Acts 1914, c. 231, p. 411.)

"An act to amend and re-enact section 139 of an act entitled an act to raise revenue (etc.), * * * approved April 16, 1903, as amended and re-enacted by an act approved March 13, 1912, as amended and re-enacted by an act approved March 24, 1914." (Acts 1915, Ex. Sess., c. 84, p. 117.)

In my judgment, neither the title of the revenue bill of 1903, nor of any of the acts amending section 139 thereof, is broad enough to cover the enactment of what amounts to an independent provision making it a crime to sell cigarettes through a slot machine. If this be true, then when chapter 45 of the Acts of 1928, which is cited as the Tax Code of Virginia, was enacted, there was no valid provision in any statute providing for a license tax on slot machines which also made it a crime to sell cigarettes, and the insertion of such a provision in section 198 of the Tax Code was in all respects tantamount to the enactment of a new provision, and its constitutionality cannot be saved upon the theory that it is a mere codification of a valid existing provision, as perhaps may be true as to some other provisions of the Tax Code.

But it is intimated in the opinion of the court, that the constitutionality of this proviso, construed as an independent provision, creating the crime of selling cigarettes through a slot machine, may be sustained upon the theory that section 52 of the Constitution does not apply to the adoption of a general

code revision. I think the proviso, so construed, cannot be sustained on that principle. The title of an act entitled an act to revise and codify the statute laws of the State is broad enough to embrace a codification of any and all statute laws of the State and the enactment of any new legislation the General Assembly may deem proper. So, also, the title of an act entitled "An act to revise and codify the revenue statutes of the State" is broad enough to include any provision relating to the raising of revenue, but is not, I think, broad enough to include enactments creating crimes which have no relation to the raising of revenue, but are created solely for what the General Assembly deems the protection of health, safety, morals, or general welfare of the community.

But, as intimated above, I am of opinion that the proviso contained in section 198 of the Tax Code, when correctly construed, does not of itself constitute the vending of cigarettes through a slot machine a crime.

In the absence of a statute prohibiting it, it is lawful to sell any article through a slot machine that it is lawful to sell in any other manner.

Section 4685 is the criminal statute providing what may not be sold or disposed of through a slot machine. Section 198 of the Tax Code is a revenue measure providing for the payment of a license tax for the operation of a slot machine.

Prior to its repeal (Acts 1928, p. 239) and re-enactment (Acts 1928, p. 1124), and when what is now section 198 of the Tax Code was originally enacted, section 4685 made it a misdemeanor to operate any slot machine in the operation of which the element of chance enters, and, by inference at least, prohibited the sale of cigarettes through a slot machine and made it a misdemeanor to so dispose of cigarettes. But when it was re-enacted (Acts 1928, p. 1124), all reference to the prohibition of the sale of cigarettes through a slot machine was omitted, and section 4685 does not now, even by inference, prohibit the sale of cigarettes through a slot machine.

It seems to me plain that the proviso put in the revenue act (section 139 of the Tax Bill of 1903) as amended by Acts 1906, page 512, was then put in, and has since been retained and carried into section 198 of the Tax Code, out of an abundance of caution in order to make it plain that this revenue provision for the licensing of slot machines was not intended to operate as a repeal of any criminal statute which prohibited the operation of a slot machine in which the element of chance enters, or the use of a slot machine to sell cigarettes. Provisos are often used out of excessive caution for the purpose of preventing a possible misinterpretation of an act as including or accomplishing that which was not intended by the act. *Baggaley* v. *Pittsburg, etc., Iron Co.*, 33 C. C. A. 202, 90 F. 636; *McHale* v. *Board of Commrs.*, 180 Ind. 390, 103 N. E. 321; *State* v. *Home Brewing Co.*, 182 Ind. 75, 105 N. E. 909.

I think the proviso means *nothing contained in this section* shall of *itself* be construed to permit the sale of cigarettes through a slot machine, if the sale thereof through a slot machine be prohibited by any other statute. The proviso is certainly susceptible of such a construction, and this is its meaning when interpreted literally, without the aid of inference or construction. Bearing in mind the rule that penal statutes are to be strictly construed, and that crimes are not to be created by inference, implication, or construction, I am of opinion that the proviso in section 198 should be so interpreted, and not be construed as creating it a crime to sell cigarettes through a slot machine independently of any criminal statute so providing.

"Such statutes (*i. e.*, penal statutes) are to reach no further in meaning than their words; no person is to be made subject to them by implication, and all doubts concerning their interpretation are to preponderate in favor of the accused." Bish. on Stat. Crimes, section 194, p. 129.

"There can be no constructive offenses, and before a man can be punished, his case must be plainly and unmistakably

within the statute." Chief Justice Fuller in *U. S.* v. *Lacher,* 134 U. S. 624, 10 S. Ct. 625, 626, 33 L. Ed. 1080.

"A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter, though within the reason and policy of the law. To constitute the offense the act must be both within the letter and spirit of the statute defining it. Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case. No conviction can be had if the words are merely equally capable of a construction that would, and one that would not, inflict the penalty. If a penal statute be so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty." *McKay* v. *Commonwealth,* 137 Va. at p. 830, 120 S. E. 138, 139; *Faulkner* v. *Town of South Boston,* 141 Va. 517, 127 S. E. 380; *Jordan* v. *Town of South Boston,* 138 Va. 838, 122 S: E. 265.

"It is an ancient maxim of the law that all such statutes (*i. e.,* criminal statutes) must be construed strictly against the State and favorably to the liberty of the citizen. The maxim is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the legislature and not in the judicial department. No man incurs a penalty unless the act which subjects him to it is clearly within the spirit and the letter of the statute which imposes such penalty. There can be no constructive offenses, and before a man can be punished his case must be plainly and unmistakably within the statute. If these principles are violated, the fate of the accused is determined by the arbitrary discretion of the judges, and not by the express authority of the law." *Sutherland* v. *Commonwealth,* 109 Va. 834, 65 S. E. 15, 23 L. R. A. (N. S.) 172, 132 Am. St. Rep. 949; *Withers* v. *Commonwealth,* 109 Va. 837, 65 S. E. 16.

In *Kloss* v. *Commonwealth,* 103 Va. 864, 49 S. E. 655, 656, Buchanan, J., says: "The rule is universal, except where other-

wise provided by statute, that penal statutes are to be construed strictly, and are never to be extended by implication. This rule applies with full force to a case like the present, for while the statute on which the prosecution is based is a revenue law, yet in so far as it imposes penalties for a violation of its provisions, it is a penal statute, and must be construed accordingly."

In discussing the rule of construction applicable to revenue statutes, Endlich on the Interpretation of Statutes, section 346, p. 481, says: "The proper rule probably is, as pointed out by an eminent writer (Bishop), that, in the accomplishment of their primary object, the mere collection of duties, proportionate contributions to the public burden, these enactments are not to be construed with the rigid strictness applicable to penal laws; but that, so far as they create crimes, they require the strict construction of such laws."

As I understand this case, Macke had paid the necessary merchant's license and all other licenses required for the sale of cigarettes at the place at which he was vending cigarettes through this slot machine, and he had also paid the license required by section 198 of the Tax Code for the operation of this slot machine. This being true, I think there has been no violation of section 136 of the Tax Code, which so far as is here applicable, reads as follows:

"If any person, firm or corporation shall, in violation of law, commence or prosecute any business employment or profession without a license, such person, firm or corporation shall be guilty of a misdemeanor," and be punished as therein provided.

I think the judgment of the trial court should be reversed and the cause remanded with instructions to the court to dismiss the warrant against Macke.