THE VILLAGE OF STAMFORD, Appellant, *v.* JOHN H. FISHER, Respondent.

The legislature has power to authorize a municipal corporation to regulate hawking and peddling in its streets.

As such a statute, however, is in restriction of the common law, it should receive a strict construction, and in an action to recover a penalty prescribed for a violation of a municipal ordinance prohibiting such a business, it must appear that defendant's occupation is clearly within those prohibitions.

In an action to recover a penalty prescribed for the violation of a resolution of plaintiff's trustees which prohibited all persons "from hawking or peddling in the public streets" of the village, which resolution was passed under authority of the act of 1883 (Chap. 465, Laws of 1883), these facts appeared: Defendant, who had a store in another place, solicited orders of plaintiff's citizens, and delivered groceries for family use pursuant to such orders. He had a wagon with which he made trips to the village, filling his previous orders, and taking new ones at the various houses. It did not appear that he had sold or offered for sale any goods upon the streets. *Held*, that the evidence failed to establish a violation of the ordinance.

Reported below, 63 Hun, 123.

(Argued June 16, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 2, 1892, which affirmed a judgment entered upon a decision of the Delaware County Court reversing a judgment of a Justice's Court in favor of plaintiff.

This action was brought in a Justice's Court to recover from the defendant a penalty for his violation of the terms of a resolution passed by the village trustees; which prohibited all persons from hawking or peddling in the public streets without a license. Upon appeal from the judgment recovered by the village, the County Court ordered a reversal, and its decision has been affirmed by the General Term of the fourth department.

The plaintiff, thereupon, obtained leave to appeal to this court, on the ground that a question of law was involved which ought to be reviewed here.

The facts, so far as material, are stated in the opinion.

*F. R. Gilbert* for appellant. The defendant was a peddler within the meaning of the statute and ordinance of plaintiff. (*Merriam* v. *Longdon,* 10 Conn. 461; *City of Kansas* v. *Collins,* 34 Kans. 434; *Slate* v. *Miller,* 93 N. C. 511; *Emmons* v. *City of Lewiston,* 24 N. E. Rep. 58; *Comm.* v. *Farnum,* 114 Mass. 270; *Village of Deposit* v. *Pitts,* 18 Hun, 477.) The claim that the defendant delivered his goods in the houses of his customers and, therefore, did not peddle upon the streets within the prohibition of the ordinance is not tenable. (*Village of Deposit* v. *Pitts,* 18 Hun, 477; *Village of Port Jervis* v. *Close,* 24 N. Y. S. R. 730.) The plaintiff was authorized to enact the ordinance requiring defendant to take out a license. (Laws of 1883, chap. 465; *Village of Carthage* v. *Frederick,* 33 N. Y. S. R. 384; *Village of Ballston* v. *Markham,* 34 id. 237; *Village of Deposit* v. *Pitts,* 18 Hun, 475; *Bradley* v. *City of Rochester,* 26 N. Y. S. R. 823.)

*George A. Fisher* for respondent.   Defendant does not come within the provisions of chapter 465 of the Laws of 1883, or the resolutions of the village.  (*Rex* v. *McKnight*, 10 B. & C. 734; *Comm.* v. *Eichenberg*, 140 Penn. St. 160; *Emmons* v. *City of Lewiston*, 132 Ill. 380; *City of Elgin* v. *Pickard*, 24 Ill. App. 340; *Ballou* v. *State*, 87 Ala. 144; *Town of Spencer* v. *Whiting*, 68 Iowa, 678; *Comm.* v. *Farnum*, 114 Mass. 267; *City of Davenport* v. *Rice*, 75 Iowa, 74; *Comm.* v. *Aber*, 12 Cush. 495; *City of Kansas* v. *Collins*, 34 Kans. 434; *Ex parte Taylor*, 58 Miss. 478; *Comm.* v. *Smith*, 6 Bush, 303; *Comm.* v. *Jones*, 7 id. 502; *Ex parte Seibenhaur*, 14 Nev. 365.)   The statute of the state, under which the plaintiff acted in passing its resolution, only grants the power to regulate and restrain hawking and peddling in the streets, and not in private residences, or elsewhere than in the streets. (Laws of 1883, chap. 465; *Cameron* v. *Seaman*, 69 N. Y. 296; *V. C. Co.* v. *Murtau*, 50 id. 314; *Strong* v. *Stebbins*, 5 Cow. 210–212; *Wood* v. *E. R. R. Co.*, 72 N. Y. 196–198; *Dewey* v. *Goodenough*, 56 Barb. 54–57; *Village of Ballston Spa* v. *Markham*, 58 Hun, 241.)

GRAY, J.   The question, which we are asked to review and upon which the learned justices at the General Term below have differed in opinion, is whether the defendant came under the provisions of chapter 465 of the Laws of 1883 and of the resolution passed, pursuant to the authority of that act, by the trustees of the village of Stamford.   The statute provides as follows, viz. :

"The trustees of any village in this state incorporated under special act of the legislature, and who have not the powers hereinafter conferred, shall, from and after the passage of this act, have power and authority to restrain, regulate or prevent hawking and peddling in the streets, except the peddling and sale of meats, fish, fruits and farm produce, to regulate, restrain or prohibit sales by auction and grant licenses to peddlers and auctioneers, and fix the amount to be paid therefor."

The resolution which was passed read :

"*Resolved*, That from and after the passage of this resolu-

tion all persons are prohibited from hawking or peddling in the public streets within the corporate limits of the village of Stamford, or selling at auction in the streets of said village of any goods, wares or merchandise of any kind or description, excepting meats, fish, fruits and farm products until such person or persons shall have first obtained a license therefor, as provided in the next section."

Subsequent portions of the resolution provided for a penalty to be imposed in case of a violation. For the plaintiff it was argued that the defendant was a peddler within the meaning of the statute; while for him it was insisted that such was not a proper description of his occupation; that it was not one within the meaning of the statute, and that he was under no obligation to take out a license. The evidence established that the defendant had a residence, or store, at Oneonta, in the neighboring county of Otsego, and transacted a business with persons in the village of Stamford, Delaware county, in soliciting orders and subsequently delivering, pursuant to such orders, articles of groceries for family use. For this purpose he had a wagon, with which, about once in each month, he made trips to Stamford, filling his previous orders and taking new ones at the various houses. The defendant was not shown to have sold, or to have offered for sale, any goods upon the street, or otherwise to have transacted this business than as described. So that the decision of the question turns upon the point of whether that method of conducting a business distinguishes it from the peddler's, or hawker's, occupation. It seems to me, clearly, that such a distinction does exist; that it is a very substantial one, and that, therefore, neither statute nor resolution can be held to apply to the defendant's case.

It is unnecessary to discuss the legislative power to enact the law in question. It is perfectly competent to empower municipal corporations to prescribe regulations for the orderly conduct of business within their limits and upon the public streets, and to provide that the itinerant peddler, or hawker, should contribute to the revenues of the municipality by the payment of a license fee, in the nature of a tax upon his business, in

return for the privilege and protection accorded to him in so carrying on his trade. Incidentally, there may exist the purpose, in authorizing such measures, to promote a just and equal protection of those traders who have a local habitation and their establishments in the village, and who bear their share of the municipal burdens. As the statute, however, is in restriction of the common law and of a general right of persons to pursue a legitimate and innocent occupation and to deal rightfully and usefully with their property, it should receive a strict construction, and in every instance, where one is sought to be charged with a penalty for a violation of the village ordinance, his occupation must be shown to be clearly within those occupations which are aimed at. I would not hold that such a statute is not to receive an equitable as well as a strict construction; for it is in purpose beneficial to the community where it is to receive its operation. But its operation should be confined to those cases where it is plainly discoverable that the mischief exists, for which the law was intended to provide a remedy, and where the need is evidenced for the extension of the protection intended by the legislature. We come, therefore, to consider whether the pursuit of this defendant can fairly be deemed to be that of a peddler, as it was alleged in the complaint of the village. Our attention is called to the definitions given by lexicographers to the term "peddler," and they substantially agree that he is a peddler who travels about the country, carrying wares for sale in small quantities. The dominant idea involved in such an occupation seems to be that the individual carries his stock in trade, consisting in small wares, on foot, or in a vehicle, about the country, offering them for sale and then and there selling them.

The statute, in coupling the terms "hawking" and "peddling," itself, suggests the idea that the features of itinerancy and a public offering of goods for sale are present in the occupations of the hawker and the peddler. Either one avails himself of the highway for the conduct of his trade in about the same manner.

In the case of the defendant, however, he resided in a dif-

ferent part of the state, and, presumably, contributed his share to the discharge of the public burden of taxation. He did not hawk or cry out his wares in the public streets; nor did he expose, offer or sell them thereon. He simply delivered at the houses of customers, from whom he had previously received orders, the articles ordered. The concept of such an occupation sharply distinguishes it from that of the itinerant street vendor of articles. The case of *Rex* v. *M'Knight* (10 Barn. & Cresw. 734), is in point. There the defendant was in the employ of a tea dealer, and was sent by his master about the neighboring county, once a fortnight, soliciting orders, and, on subsequent occasions, was sent to deliver small parcels of tea, in pursuance of these orders. This was held not to be an exposing for sale, or a carrying to sell, within the meaning of the Hawkers and Peddlers' Act, so as to subject the defendant to a penalty for trading without a license.

In the decision of that case, it was considered as a material fact that the bargain for the goods and the delivery were on different occasions. Cases in the courts of other states, to which our attention has been called, serve to confirm the view taken here. Such are those of *Commonwealth* v. *Ober* (12 Cush. 498); *Commonwealth* v. *Eichenberg* (140 Penn. St. 160), and *Ballou* v. *State* (87 Ala. 144).

In my opinion, the case of the defendant was not shown to be one within the meaning of the statute, and he could not be subjected to the penalty provided for in the village ordinance. The judgment below should be affirmed, with costs.

All concur, except MAYNARD, J., not sitting.

Judgment affirmed.