VILLAGE OF SCRIBNER, APPELLANT, V. WILLIAM MOHR ET AL., APPELLEES.

FILED OCTOBER 6, 1911.    No. 16,538.

1. **Hawkers: LICENSES.** A grocer who takes orders for goods, fills them at his store and delivers them by wagon to customers in a neighboring village, is not "a hawker of goods by retail, by sample or by taking orders or otherwise," so as to be within

the provision of an ordinance of the village imposing a license tax on such hawkers.

2. **Licenses:** CANVASSERS. Where such grocer maintains a delivery wagon, and an employee delivers goods previously ordered from him when making a former delivery or which have been ordered by letter or telephone from the customer direct to the store, the fact that a patron receiving goods orders others from the person delivering, not being asked, solicited or requested so to do by him, does not establish the fact of "canvassing or soliciting orders for any article, goods or merchandise," under the provisions of an ordinance imposing a license tax on such occupation, so as to render either the agent or his principal liable for the tax.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*A. H. Briggs,* for appellant.

*Courtright & Sidner, contra.*

LETTON, J.

The village of Scribner is an incorporated village with less than 5,000 inhabitants. An ordinance of the village provided that a license tax upon each occupation and business therein named was levied "on each hawker of goods by retail, by sample, or by taking orders or otherwise, per day $2.00. This does not include commercial travelers selling only to dealers." Another provision is "on each person engaged in canvassing or soliciting orders for any article, goods or merchandise, except books or printed matter, per day $2.00."

This action is brought to recover the penalty for a violation of these provisions by the defendants. The amended petition charges that the defendant, the Moyune Tea Company, carried on within the village, and on certain specified dates in 1906 and 1907, the business "of a hawker of goods by retail, by sample, or by taking orders or otherwise." Another count is that on the dates specified the defendant, in the village of Scribner, did "engage in

and conduct the business of canvassing or soliciting orders for articles, goods and merchandise, not including books or printed matter, * * * and did so take and receive from divers persons, within said village, orders for such articles * * * without paying the license tax therefor as in said ordinance provided." A verdict was returned for defendants, and from a judgment of dismissal the village of Scribner has appealed.

A number of defenses are pleaded in the answer, but as the case stands we think it unnecessary to do more than refer to two points in order to dispose of appellant's contentions.

The district court instructed the jury that there was no evidence that the defendant or its agent was hawking or peddling goods, and that upon that claim the verdict should be for the defendant, and that the only question for their consideration was whether the defendant, through its agent, was engaged in the soliciting of orders for the sale of goods at retail in the village at any time in the months charged. The plaintiff assigns as error the refusal of the court to give each of instructions Nos. 6, 7 and 8, requested by it. We think the gist of the sixth instruction was given by the court in the second one given upon its own motion. We are also of the opinion that instruction No. 7 was an erroneous statement of the law, and therefore was properly refused. This was the view taken by the district court when it directed the jury that under the evidence in the case the defendant or its agent was not guilty of hawking or peddling goods. The substance of instruction No. 8 was given by the court on its own motion, hence it was not error to refuse it.

The evidence shows that the Moyune Tea Company carries on a grocery business in the city of Fremont, Dodge county, in which county the village of Scribner is situated, that it maintained a delivery wagon and employed William Mohr to deliver groceries, teas and flavoring extracts; that he made periodical visits to the village of Scribner, and that on these visits he would deliver

groceries which had been previously ordered and would receive orders to be delivered later. It also shows that some of the goods delivered by Mohr were ordered by mail or telephone by customers in Scribner. The testimony as to what Mohr actually did in Scribner is meager; but it is to the effect that Mohr delivered goods there at stated periods to fill orders, and that when he did so customers needing other articles would give him orders to be filled at the next delivery. There is no proof that new customers were sought, or that Mohr ever asked for, solicited or requested orders from any person or did any soliciting or canvassing whatever, and there is no evidence of hawking or peddling. We are convinced that the defendant was not a hawker or peddler, so as to be subject to the provisions of the ordinance imposing a tax on hawkers. Webster's New International Dictionary defines "hawker": "One who sells wares from place to place or by crying them in the street;" and under the definition of "peddler" says: "In the United States *peddler* and *hawker* are used as synonymous in statutes regulating the vending of goods." That this is the generally accepted definition in this country, see *City of Davenport v. Rice,* 75 Ia. 74, 9 Am. St. Rep. 454; *Commonwealth v. Farnum,* 114 Mass. 267; *State v. Bristow,* 131 Ia. 664; *State v. Gibbs,* 115 N. Car. 700, 20 S. E. 172; *Village of Stamford v. Fisher,* 140 N. Y. 187.

The jury found that the defendant was not guilty of canvassing or soliciting orders under the other provision of the ordinance. Under the evidence, we cannot see how any other verdict would have been proper. Mohr was not soliciting or canvassing, as these words are usually defined. Webster's New International Dictionary defines the word "canvass": "(2) To solicit or seek orders, contributions, support, subscriptions, votes, or political support before an election, etc.; to solicit, commonly followed by *for,* as to *canvass* for a seat in Parliament; to *canvass* for a book, a publisher, or in behalf of a charity," and defines "solicit": "To ask earnestly; to make petition to;

to appeal to (for something), as, to *solicit* a man for alms. (2) To endeavor to obtain by asking or pleading; to plead for, as to *solicit* an office, a favor, alms." This is the meaning applied in the case of *Ex parte Siebenhauer*, 14 Nev. 365. We are of opinion that under the language of the ordinance the acts of the defendant, so far as the evidence shows, were not in violation thereof.

The judgment of the district court was correct, and is

AFFIRMED.