JOSEPH B. BRIODY, APPELLANT, v. GUSTAV DE KIMPE, RESPONDENT.

Argued July 2, 1917—Decided November 19, 1917.

1. To "solicit" is to ask earnestly; to make petition; to appeal to (for something) ; to endeavor to obtain. by asking or pleading; to plead for.
2. If a contract is of doubtful meaning, and one interpretation would render it legal and another illegal, the courts will adopt that construction which will not impute to the parties an intention to violate the law.
3. The policy of our law is against obtaining contracts for the erection of school buildings by mere solicitation or asking or by favor.
4. A board of education has no authority to make a contract for the erection of a school house until it has first publicly advertised for bids, and the contract can then be awarded only to the lowest responsible bidder.

5. A contract whereby the plaintiff was to "solicit" for the defendant (a contractor) "general construction work of public and private buildings," and was to receive for such services one per cent. commission on any contract the defendant accepted, is limited by proper interpretation, so far as *public* buildings are concerned, to construction work on such public buildings as could possibly be obtained lawfully by solicitation, and hence has no application to a contract for the erection of a school building by the board of education of the city of Newark.

---

On appeal from the Supreme Court.

For the appellant, *Leon Abbett*.

For the respondent, *Emil Walscheid*.

The opinion of the court was delivered by

TRENCHARD, J. One De Kimpe, a contractor (the defendant below), "agreed to engage Archibald N. McBean to solicit work for him for general construction work of public and private buildings and to pay said McBean for such services the sum of one per cent. commission on any and all contracts that the said De Kimpe accepts."

Subsequently the board of education of the city of Newark advertised for bids for the erection of the "South Side Public School" building in accordance with certain stated plans and specifications. The defendant submitted a bid and was awarded the contract at the price of $246,500, and thereafter erected such building.

The plaintiff, who is McBean's assignee, brought this suit based upon his contract, for a commission of one per cent. upon the contract price of such school building, upon the theory that he had "solicited" such work by asking a member of the board of education that the defendant be allowed to "give an estimate," and reporting that he had done so to the defendant.

The trial judge nonsuited the plaintiff, who now appeals.

We are of the opinion that the nonsuit was right.

By his contract the plaintiff's assignor was to *solicit* for the defendant general *construction work of public and private buildings,* and was to receive for such services one per cent. commission on any contract the defendant accepted.

To "solicit" is to ask earnestly; to make petition; to appeal to (for something) ; to endeavor to obtain by asking or pleading; to plead for. *Village of Scribner* v. *Mohr,* 132 *N. W. Rep.* 734; 90 *Neb.* 21; *Ann. Cas.* 1912*d,* 1287.

The question is should the contract be construed to comprehend the *solicitation of a contract for the erection of a school building?* We think not.

If a contract is of doubtful meaning and one interpretation would render it legal and another illegal, the courts will adopt that construction which will not impute to the parties an intention to violate the law.

Tested by this rule the contract must be construed as not applying to the solicitation of contracts for the erection of school buildings.

The policy of our law now is, and for a long time has been, against obtaining contracts for the erection of school buildings by mere solicitation or asking or by favor.

Under the law the board of education had no authority to make a contract for the erection of the schoolhouse until it had first publicly advertised for bids and the contract could then be awarded only to the lowest responsible bidder. See School law, second special session of 1903, *Pamph. L.* 1904, *p.* 21, §§ 52, 53, and also *Pamph. L.* 1912, *p.* 593.

The parties to the contract in question are charged with knowledge of such law and are presumed to have made their contract in view thereof, and it will not be presumed that they sat down to make an illegal contract. It will not be presumed that they intended to provide for commissions for the solicitation of that which they knew could not be obtained by solicitation.

By proper construction, therefore, the present contract, so far as public buildings are concerned, was limited to construction work on such public buildings as could possibly be lawfully obtained by solicitation. No doubt the contract

would comprehend the solicitation of sub-contracts on municipal buildings, which are not affected by the statutes herein referred to, and would also allow compensation for the solicitation of work in the erection of theatres, railroad stations, churches, office buildings and other structures to which the public is generally admitted in distinction from private buildings.

It did not, however, apply to the school building erected by the board of education of the city of Newark on account of which the plaintiff claims.

The judgment below will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Swayze, Trenchard, Bergen, Black, White, Heppenheimer, JJ. 8.

*For reversal*—Parker. Minturn, Kalisch, Williams, JJ. 4.