TOWN OF SMITHTOWN, Respondent, *v.* LEWIS JEWELL,
Appellant.

Second Department, December 14, 1917.

**Towns — town ordinance forbidding gathering shellfish from
beds of natural growth — gathering escallops not violation of
ordinance.**

Escallops, unlike oysters, do not attach themselves to any bed but float
with the current and have a power of self-propulsion; hence one cannot
be held to the penalty imposed by a town ordinance upon non-residents
who gather shellfish " from their beds of natural growth " upon mere
proof that he gathered escallops, they not being within the terms of the
ordinance.

As the ordinance is penal it will be strictly construed.

APPEAL by the defendant, Lewis Jewell, from a judgment
of the County Court of Suffolk county in favor of the plaintiff,
entered in the office of the clerk of said county on the 14th
day of February, 1917, affirming a judgment of a Justice's
Court of the town of Smithtown for sixteen dollars and ninety
cents, a penalty for violation of a local ordinance of said town
prohibiting non-residents from taking fish from the waters
of St. James or Stony Brook harbor.

*Livingston Smith*, for the appellant.

*S. Le Roy Ackerly*, for the respondent.

PUTNAM, J.:

On September 25, 1915, defendant took from Beach channel
in the waters of Stony Brook harbor, about half a bushel
of escallops. He stood in the water up to his knees and
picked them with his hands. The town had passed a local
ordinance:

*Fourth.* " Section 1. It shall not be lawful for any person,
who has not been for at least six months immediately prior
thereto an actual inhabitant and resident of this Town, to

gather clams, oysters, or other shellfish or jingle quarterdeck or other shells, from their beds of natural growth in any such waters, on his own account or for his own benefit, or for the benefit of any other person."

" Section 4. Any person who shall violate any of the preceding provisions shall be liable to a penalty of $10 for each and every such offense."

The plaintiff took this proceeding for enforcement of this ordinance, in which it had judgment for this penalty.

To become liable for breach of this ordinance the shellfish must be gathered " from their beds of natural growth." Here that proof is lacking. Scallops, unlike oysters, do not attach themselves. They float with the currents and impel themselves through the water by rapidly opening and closing their shells. Instead of lying passive in clusters, or natural beds, they are migratory and, by not remaining in one locality, often baffle expectant fishermen. Although there is some evidence that scallops have before been taken at low tide along Beach channel, that proof does not show that appellant took these shellfish from their beds of natural growth.* In the development of this species of the mollusc family there are no such natural beds, because scallops travel to and fro. Not being confined to beds, but being capable of a certain activity in the water, they are not within the protection of the ordinance.

We cannot enlarge the ordinance to cover the taking of such shellfish floating, having no habitat in natural beds, since this is a penal ordinance which is construed strictly. (*Village of Stamford* v. *Fisher*, 140 N. Y. 187; *Board of Health* v. *Werner*, 67 N. J. L. 103.)

We must, therefore, hold that no violation was proved. Hence the motion to dismiss in the Justice's Court should have been granted.

Therefore, the judgment of the Suffolk County Court

---

* A natural, as distinguished from an artificial oyster bed, is one not planted by man, and is any shoal, reef, or bottom where oysters are to be found growing, not sparsely, or at intervals, but in a mass or stratum, and in sufficient quantities to be valuable to the public." Per SHEPHERD, J., in *State* v. *Willis* (104 N. C. 764, 770). — [Note by the Court.

affirming the judgment of the Justice's Court should be reversed and the complaint dismissed, with costs.

JENKS, P. J., STAPLETON, RICH and BLACKMAR, JJ., concurred.

Judgment of the County Court of Suffolk county affirming a judgment of the Justice's Court reversed, and complaint dismissed, with costs.

