THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL FINKELSTEIN, Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, February 20, 1939.

*Andrew Byrne,* for the appellant.

*William C. Chanler, Corporation Counsel [Charles C. Weinstein* and *David I. Shivitz* of counsel], for the respondent.

BAYES, Ch. J. Defendant stands convicted on April 5, 1938, by the Tenth District Magistrates' Court, Brooklyn, of peddling without a license in violation of the provisions of section B36–90.0 of the Administrative Code of the City of New York. At the conclusion of the trial the defendant was fined the sum of one dollar or one day in the city prison.

The testimony discloses that on April 1, 1938, defendant offered for sale on Pitkin avenue, Brooklyn, paper-covered pamphlets comprising about sixty-nine pages, in size approximately three inches by five inches, and entitled " John L. Lewis Exposed! " Upon

inquiry of the defendant and investigation, the officer found that defendant did not have a license, and the question involved in this appeal is as to whether or not under the facts of this case it was unlawful for the defendant to sell the pamphlets without having first procured a license under the section of the Administrative Code above referred to.

The pertinent provisions of article 6 of the Administrative Code, which includes section B36–90.0, are as follows:

" Peddlers

" Section B36–89.0. Definitions; exemptions.— a. Definitions. Any person hawking, peddling, vending or selling merchandise in the streets of the city shall be deemed to be a peddler, and shall be classified as follows; a peddler using a motor-driven vehicle; a peddler using a horse-drawn vehicle; a peddler using a pushcart; and a peddler carrying merchandise on his person.

" b. Exemptions. This article shall be inapplicable to a person who (a) shall sell newspapers and periodicals, or who (b) owns and operates a farm in the city and who sells produce grown on such farm, in the streets. Such farmer shall be entitled to a certificate of exemption hereunder upon application to the commissioner setting forth sufficient facts, under oath, to prove that he is such farmer.

" § B36–90.0. License required.— It shall be unlawful for any person to act as a peddler, without a license therefor, from the commissioner.

" § B36–91.0. License fees; term.— a. The annual license fees payable by peddlers to the commissioner shall be, for each peddler:

1. Using a motor-drawn vehicle..................Ten dollars.
2. Using a horse-drawn vehicle...................Ten dollars.
3. Using a pushcart.............................Five dollars.
4. Carrying merchandise on his person............Two dollars.

" b. All peddler licenses shall be issued annually, and shall expire on the thirtieth day of April next succeeding the date of issuance thereof.

" § B36–95.0. Violation. Any person who violates the provisions of sections B36–89.0 through B36–93.0 of the code, upon conviction thereof, shall be fined not more than ten dollars, or imprisoned, not exceeding ten days or both."

In considering this question it is necessary to determine whether the defendant in selling the pamphlets complained of was acting as a peddler within the meaning of the statute. To find that the defendant was acting as a peddler it is necessary to refer to section B36–89.0, which defines a peddler as a person hawking, vending or selling merchandise in the streets of the city. We are of the

opinion that the Administrative Code bearing upon this subject does not by its terms or by fair implication include the defendant. The principal point urged by the defendant is that the provisions of article 6 are unconstitutional as violative of the First and Fourteenth Amendments to the Constitution of the United States. As we view it, the provisions under consideration are not unconstitutional since they merely require an individual who wishes to hawk, vend or peddle merchandise in the city of New York to obtain a license therefor. The defendant cannot ɔe brought within these provisions unless we are to hold that the pamphlets in question constitute merchandise, and it seems reasonably clear from a reading of the statute as a whole that such was not the intent. A different question might arise if in section B36–89.0 appropriate words were employed to include printed matter answering to the description of the pamphlets in evidence here. The respondent argues that since the pamphlet in question is neither a newspaper nor a periodical, it does not come within the exemptions enumerated in subdivision (b) of section B36–89.0. It is of course clear that the pamphlet complained of is neither a newspaper nor a periodical, but it does not follow therefrom that it comes within the term " merchandise " as used in said article 6.

Upon the question of constitutionality, which is discussed at length in the appellant's brief, it is sufficient to say that the facts herein are clearly distinguishable from those involved in the cases of *Lovell* v. *City of Griffin* (303 U. S. 444) and *Grosjean* v. *American Press Co., Inc.* (297 id. 233). In *Lovell* v. *City of Griffin* the city ordinance prohibited the distribution of circulars, handbooks, advertising or literature of any kind within the city limits without permission from the city manager. The ordinance contained no restrictions or limitations of any kind and was held void on its face because it abridged the freedom of the press. In the case of *Grosjean* v. *American Press Co., Inc.*, an act of the Legislature of the State of Louisiana provided that every person, firm, etc., engaged in the business " of selling, or making any charge for, advertising or for advertisements, whether printed or published, or to be printed or published, in any newspaper, magazine, periodical or publication whatever having a circulation of more than 20,000 copies per week, or displayed and exhibited or to be displayed and exhibited by means of moving pictures, in the State of Louisiana, shall, in addition to all other taxes and licenses levied and assessed in this State, pay a license tax for the privilege of engaging in such business in this State of two per cent (2%) of the gross receipts of such business." The court held this enactment unconstitutional under the due process of law clause of the Fourteenth Amendment

because it abridges the freedom of the press. The difference between the *Lovell* case and the *Grosjean* case on the one hand and the case here under consideration on the other rests upon the difference in the provisions of the legislation involved. In the instant case we do not hold the provisions of the Administrative Code unconstitutional for the reason that the term merchandise does not include the pamphlets which were being sold by defendant. The views expressed herein are not inconsistent with the acknowledged right of the Legislature, in the exercise of the police power, to regulate the use of streets, provided such regulation does not undertake to prohibit the distribution or sale of pamphlets, leaflets and other printed matter as well as newspapers and periodicals. Accordingly, the judgment should be reversed and the complaint dismissed.

All concur. Present — BAYES, Ch. J., SALOMON and KOZIEKE, JJ.

SALOMON, J. (concurring). Defendant is charged with a violation of section B36-90.0 of the Administrative Code of the City of New York in that he did on the 1st day of April, 1938, unlawfully offer for sale a quantity of books in a public place, namely, in front of 1535 Pitkin avenue, county of Kings.

From a judgment of conviction the defendant appeals. In my opinion, the section in question under which this prosecution is brought is not broad enough to include the defendant herein. The section provides for licensing any person hawking or selling merchandise in the streets. The court, in finding the defendant guilty, apparently construed the section under which this prosecution is brought as broad enough to include the sale of the pamphlet in question, and, therefore, holds that the defendant, in selling this pamphlet on the streets was peddling merchandise without a license in violation of the section in question. The defendant contends that the section is unconstitutional in that it is in contravention of his constitutional rights, namely, that of freedom of speech and liberty of press. In my opinion the section in question is constitutional because it only requires a license in the event that an individual vends or peddles merchandise in the streets of the city of New York. I do not believe that the pamphlet in question herein can be held to be merchandise. In my opinion the section contemplates only hawking, vending and peddling merchandise. I do not consider, as stated above, that the pamphlet in question comes under the definition as contemplated by said section. I, therefore, vote that the judgment of conviction be reversed and complaint dismissed.