THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HOMER GAGE, Appellant.

County Court, Broome County, June 2, 1942.

*Hayden C. Covington* for appellant.

*Daniel J. McAvoy, District Attorney (John R. Normile* of counsel), for respondent.

MacCLARY, J. Heretofore and on or about the 13th day of September, 1941, one J. T. Hightower made a complaint to Paul M. Page, Police Justice of the Village of Deposit, New York, that the above-named defendant on or about September 13, 1941, on Front street, in the village of Deposit, county of Broome, at about 7:30 o'clock in the afternoon of that day did commit a violation of the Village Hawking and Peddling Ordinance of the Village of Deposit, in that he did on that day offer for sale a pamphlet named " Consolation," contrary to the aforesaid ordinance.

Upon such complaint or information, the defendant was brought before the said Police Justice and pleaded not guilty, and thereafter and on or about the 12th day of November, 1941, a trial was had before said Police Justice and a jury and, upon a verdict of guilty as brought in by the jury, the defendant was fined the sum of twenty-five dollars.

From such conviction and judgment, the defendant has appealed to this court and has raised the following questions for determination: *First,* that the defendant-appellant is an ordained minister of the denomination known as Jehovah's Witnesses and, therefore, not a peddler or hawker as defined by the Ordinance of the village of Deposit relating to such matters; *Second,* that the pamphlet alleged to have been sold by the defendant on the streets of the village of Deposit is not either goods, wares, or merchandise as defined in said Ordinance and the sale of which is prohibited within the village of Deposit without having a license therefor; *Third,* that the said Ordinance is unconstitutional as it applies to the defendant in this case, unlawfully depriving the defendant of his rights as guaranteed by the First and Fourteenth Amendments of the United States Constitution, and *Fourth,* that the People failed to prove the defendant guilty of violating any ordinances of the village of Deposit.

On or about September 20, 1938, the Village Board of the Village of Deposit adopted an Ordinance to regulate and control hawking and peddling within the village of Deposit, the applicable portions of said Ordinance so adopted on that date so far as it applies to this case being as follows:

Section 1, subdivision 1. "A peddler is a person, commonly referred to either as a peddler or hawker who goes from place to place by traveling on the streets or from house to house, and carries with him goods, wares, merchandise, foods and food products for the purpose of selling and delivering them to consumers."

Section 3. "Unlawful to sell without a license. It shall be unlawful for any peddler, transient merchant and transient merchant peddler to sell or dispose of, or offer to sell or dispose of any goods, wares or merchandise within the Village of Deposit, N. Y., without first obtaining a license and having paid the license fee, hereinafter prescribed."

Section 9 of the said Ordinance prescribes the license fee for peddlers as fifty dollars per year, but on August 13, 1940, the Board of Trustees of the Village of Deposit amended section 9 in relation to fees, making the fees for peddlers twenty-five dollars per year.

Section 12 of such Ordinance prescribed the penalties for violation of any of the provisions of any of the sections of said Ordinance.

The questions of law involved in this proceeding have not been passed upon by many of the courts of the State of New York, but similar questions have been decided by various courts throughout the United States, including the Supreme Court of the United States, many of which cases were cited in the brief of the defendant-appellant and several of which cases I have read.

From a study of the facts and the law which I believe to be applicable, I am convinced that the conviction and the judgment thereon should be reversed for the following reasons:

1. I do not believe that this defendant could be classified or considered as a peddler as contemplated and defined by section 1 of the Ordinance referred to. Nor do I believe that the pamphlet or pamphlets which were offered for sale and sold by the defendant on the streets of the village of Deposit could by any rule of reasonable construction be considered goods, wares, or merchandise as intended to be meant under section 3 of said Ordinance.

2. The purpose of the Ordinance as stated in said Ordinance is to assist in the government of the village, the management of its business, and the preservation of good order and peace, health, safety and welfare of its inhabitants and the protection and security of their property. It would therefore seem that the trustees of the village of Deposit, under the police powers

granted and delegated to such body by the State of New York, had a perfect legal right to adopt such an ordinance which would, in its general application and within the limits of the Ordinance itself, be constitutional in its general application.

Police power is inherent in government to protect itself and its citizens; and reasonable laws to further public health, safety, morals and welfare of people may be enacted without violating the State and Federal Constitutions, but such laws must not be arbitrary, discriminatory, unreasonable or unduly oppressive or an infringement of the First and Fourteenth Amendments to the United States Constitution.

While I believe the Ordinance to be constitutional in its general application, at the same time I believe it to be unconstitutional as it applies to this case and to this defendant, and therefore the same is unenforceable against this defendant upon the present state of facts. My decision in reference to this case is strengthened and fortified by the decision in the case of *People* v. *Finkelstein* (170 Misc. 188).

For the reasons hereinbefore assigned, I have decided and hereby do decide that the conviction of the defendant in this case was contrary to law and that the conviction and the judgment should be reversed and any fine or penalty paid by him should be remitted, and I direct that an order may be presented for signature, either with or without notice, to carry out the provisions of this decision.