■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD JOHN SIMARI, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a new hearing in accordance with memorandum. Memorandum: Appellant was convicted of burglary and grand larceny in 1959 and is presently serving a sentence of 15 to 20 years in Attica Prison. Subsequent to his conviction one Bernard M. Glichowski, the owner of the establishment which appellant was convicted of burglarizing, secured an order from Erie County Court, dated November 12, 1959, directing that $1,602 which had been found in appellant's possession at the time of his arrest be turned over to Glichowski (Code Crim. Pro., § 688). The District Attorney, representing the People, appeared in that proceeding and made no objection to that order. About two years later appellant moved to recover $866.75 of the money, claiming that it was his own and not part of the avails of the burglary. Upon denial of his motion appellant appealed to this court and we reversed the order on the ground that appellant had not been made a party to the proceeding for the turning over of the money and we directed that a hearing be had at which appellant should be present and represented by assigned counsel (17 A D 2d 1032). The present appeal is from the order after the new hearing, which granted the District Attorney's request to eliminate the People as an interested party and which further directed that appellant "serve a copy of all of the papers upon which he makes his claim upon said Bernard Glichowski, his estate or other duly authorized representative". At the hearing appellant was in court without counsel. To require appellant, an inmate of a State prison, to ascertain whether Glichowski was alive or dead and to join him or his estate as a party was an unreasonable and unrealistic requirement. Furthermore, it was error to have deleted the respondent People as a party, inasmuch as the respondent was a party to the original proceeding which we held to be defective by reason of failure to give notice to appellant. We take judicial notice that Bernard M. Glichowski died September 26, 1962 and that Henrietta Glichowski was appointed executrix of his estate on November 15, 1962, and that it appears from the records of Erie County Surrogate's Court that no judicial settlement has as yet been had in said estate. In view of these facts, we reinstate the People as a party to these proceedings and direct that the District Attorney take such legal steps as are necessary to join the estate of Bernard M. Glichowski as a party, and that a new hearing be held at which appellant should be present and represented by assigned counsel. (Appeal from order of Erie County Court adding one Bernard Glichowski, his estate or authorized representative as an interested party and

eliminating the People of the State of New York as an interested party.) Present — Williams, P. J., Bastow, Goldman and Marsh, JJ.