Oscar Murov, J.
Defendant Smith is charged with violating section 32-2 of the Huntington Town 'Code for peddling in the Town of Huntington by traveling from place to place and selling or offering for sale assorted magazine subscriptions without first obtaining a license therefor from the Huntington Town Clerk.
Defendant Lumpkins is charged with violating section 20.00 of the Penal Law, (criminal liability for another) by engaging in conduct constituting an offense in soliciting, requesting, commanding, importuning or intentionally advising defendant Smith to conduct such conduct to wit, the defendant did operate a 1970 Chevrolet Suburban in the area of Colonial Street and Larkfield Hoad in the Town of Huntington for the purpose of picking up and dropping off defendant Smith for the purpose of engaging in the business of peddling in the Town of Huntington by traveling from house to house and selling or offering for sale assorted magazine subscriptions without first obtaining a license from the Town Clerk.
Defendants are moving for an order (permitting them to withdraw their pleas of not guilty and permitting them to interpose a demurrer to the informations on the ground that the facts do not constitute an offense. The defendants ’ claim that the activities of defendant Smith in selling magazine subscriptions do not constitute peddling as defined in the Code of the Town of *419 Huntington or as the term peddling is commonly interpreted. Defendants, thus conclude that the conduct of defendant Smith did not violate the Huntington code forbidding peddling and since Smith did not violate the law, defendant Lumpkins cannot have violated section 20.00 of the Penal Law, for exhorting Smith to commit a crime.
Section 32-1 (f) of the Huntington Town Code defines a peddler as follows: ‘ ‘ Any person traveling by foot, wagon, automotive vehicle, or any other type of conveyance from place to place, from house to house or from street to street, carrying, conveying, or transporting goods, wares, merchandise, meats, fish, vegetables, fruits, farm products, provisions, or nursery products, offering and exposing the same for sale and making sales and delivering articles to purchasers, or who, without traveling from place to place, shall sell from a wagon, automotive vehicle or other vehicle or conveyance or from a stand or from a sidewalk street or curb, A person offering rides or transportation on any portable conveyance commonly known as a carousel, whip or fire engine shall be known as a peddler. The word ‘ Peddler ’ shall also include the words ‘ Hawker ’ and ‘ Huckster ’. ’ ’
Since statutes regulating hawkers and peddlers are in restriction of the common law and the general right of an individual to pursue a legitimate and innocent occupation, they should receive a strict interpretation and should be considered applicable only to persons who fall clearly within the purview of the regulations (26 N. Y. Jur., Hawkers and Peddlers, § 13; Village of Stamford v. Fisher, 140 N. Y. 187).
New York Jurisprudence (vol. 26, § 4, Hawkers and Peddlers) states that it is a fundamental characteristic of the business of peddling that delivery is made at the time of sale, so that the sale and delivery are one transaction. In other words, a person who solicits, orders and later delivers the articles ordered cannot be considered a hawker or peddler within the generally accepted meaning of those terms.
In People v. Ericson (147 N. Y. S. 226) an ordinance of the City of Schenectady provided that no person not licensed as prescribed there 16 shall hawk or peddle or offer for sale from any wagon, sleigh, or other vehicle, or any portable contrivance, in any of the streets of the city of Schenectady, nor take orders and deliver goods from such orders * * * any goods, wares, merchandise or other commodities ”, with certain exceptions for flowers and wood. The court held that an agent who had solicited orders for books for future delivery was not a hawker or *420 peddler since he did not deliver the goods. The view that in order to come within the general definition of a peddler there must be a concurrent sale and delivery of goods or wares has also been upheld in the cases of Village of Stamford v. Fisher (supra) and Thousand Is. Park Assn. v. Tucker (173 N. Y. 203).
In Breard v. Alexandria (341 U. S. 622) the Supreme Court of the United States upheld the validity of a Green River Ordinance which prohibited the practice of going in and upon private residences in Alexandria, Louisiana by solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise without the permission of the owner of the property. Said ordinance was applied properly said the court to the solicitation of magazine subscriptions. That ordinance differs from the Huntington Town Ordinance in that it mentions solicitors specifically and it refers to solicitation on private premises.
In People v. Passafume (22 N. Y. S. 2d 785) an ordinance requiring that canvassers who go from house to house to sell goods by sample and to take orders for future delivery obtain licenses, was upheld applicable to persons soliciting newspaper subscriptions. The ordinance involved in the Passafume case differs from the one in the case at hand in that it specifically covers those who take orders for future delivery.
The courts interpret the hawkers and peddlers ordinances strictly. The term peddler generally includes only a person who sells and delivers his goods concurrently. Section 32-1 (f) of the Code of the Town of Huntington defines a peddler as one who is carrying, conveying or transporting goods, wares and merchandise, 1 ‘ offering the same for sale and making sales and delivering articles to purchasers ’ ’. Defendant Smith was soliciting subscriptions for magazines and there is no claim that he was carrying the magazines (goods) around while soliciting or that he delivered any magazines to anybody in Huntington.
A defendant may at any time move to dismiss an information on the ground that it fails to charge a crime, and a demurrer to an information can he considered as a motion to dismiss (People v. Lee, 151 Misc. 431).
The court will therefore treat the demurrers as motions to dismiss the informations. The informations are dismissed.