OPINION OF THE COURT
Ascher Katz, J.
The defendants, three young men who are affiliated with the Unification Church in Tarrytown, New York, are charged *27 with peddling without a license in violation of the peddling and soliciting law of the Town of Greenburgh. The complaint[1] alleges upon direct knowledge of Patrolman F. A. Bohling, Jr., of the Greenburgh Police Department that defendants solicited money by giving out lollipops in the Dalewood Shopping Center on Central Avenue in Hartsdale, New York. The Greenburgh ordinance, predicated on the police power of the town,[2] requires a license[3] to engage in the business of peddler[4], *28 who is defined as a person who in any public place on foot sells or barters or offers for sale any merchandise. Charitable, religious or political organizations are exempted[5] from the application of the law. Although representatives of the defendants obtained forms to receive the exemption from the town before the issuance of the criminal complaint, the forms were not filed with the town officials.
After arraignment, defendants moved to dismiss the information on the grounds that it is defective within the meaning of CPL 170.35 (subd 1) for being insufficient upon its face pursuant to the requirements of CPL 100.40, more specifically, that the information failed to show that there is reasonable cause to believe that the defendants are the ones who committed the offense charged and that the factual allegations in the information, if true, failed to establish every element of the offense charged and, that the peddling and soliciting law of Greenburgh violates the Fourteenth Amendment of the United States Constitution because of vagueness and indefiniteness as applied to the instant case.
The Greenburgh peddling and soliciting law, Local Law *29 No. 5 of 1975 of the Town of Greenburgh, is a comprehensive enactment established to protect the community and not as a revenue raising measure (Greenburgh Town Code, § 21-1). It prohibits peddling (§ 21-3) and soliciting (§ 21-5) as defined (§ 21-2) by anyone who has not first applied for (§ 21-7) a license with a clear exemption for any bona fide charitable, religious or political organization (§ 21-6). The town clerk is required to inquire into an applicant’s qualifications and must issue or deny a license and his denial or revocation is subject to review by the Greenburgh town board (§ 21-8). The town clerk is required to keep an accurate record of all licenses issued (§ 21-11). There are reasonable and defined restrictions on all peddlers and solicitors (§ 21-9). A license may be revoked by the clerk after written notice for fraud or misconduct (§ 21-10). Violation of the licensing provision is a misdemeanor punishable by a fine of not more than $100 or by imprisonment of not more than six months (§ 21-12).
The Court of Appeals of New York has defined the term peddler in the following way: "he is a peddler who travels about the country, carrying wares for sale in small quantities. The dominant idea involved in such an occupation seems to be that the individual carries his stock in trade, consisting in small wares, on foot, or in a vehicle, about the country, offering them for sale and then and there selling them”. (Village of Stamford v Fischer, 140 NY 187, 191; see, also, 26 NY Jur, Hawkers and Peddlers, § 1.)
The Greenburgh Town Code definition of peddler in section 21-3 is wholly consistent with that of the highest court of this State as set forth in the Stamford case above.
Defendants deny that their conduct comes within the ambit of the Greenburgh Town Code. They claim that their activities involved merely the giving of a lollipop with the simultaneous request for money and this did not give rise to a sale. Such a construction does violence to the plain meaning of the law. It is clear that the giving of the lollipops was not for the purpose of furnishing any religious instruction or to make a gift to the public. The reason for offering the lollipop was to obtain funds for the Unification Church. While the acts of the individual defendants may have been charitable in the sense that they donated their time to the church, such gratuitous activity by them has no relevance in this proceeding. Under the Uniform Commercial Code, title passes from a seller to a purchaser upon the payment of the price. (Uniform Commercial Code, *30 §2-106, subd [1].) Defendants rely on the case of Village of Stamford v Fischer (140 NY 187, supra). The holding of the Stamford case was that the defendant could not be charged with peddling when he had a fixed place of business and his sole activity was delivery to the homes of customers from whom he had previously received orders. This does not support the position of the defendants. Rather, it appears that the framers of the 1975 Greenburgh Town Code recognized the rationale of Stamford and specifically provided for an exemption of a sale made by a person who has an established place of business as set forth in section 21-4 of the Greenburgh Town Code. Defendants also cite People v Barber (289 NY 378) and People v Gage (179 Misc 638) in support of their position. In the Barber and the Gage cases, defendants gave out religious publications in return for contributions. This is a far cry from distributing lollipops. The sale of the lollipop imports no religious activity and has no reverential connotation. There is no showing upon this record as to the nature and extent of the peddling activity. The peddling may have been a mere ancillary endeavor by the Unification Church to obtain some funds or may have represented the tip of an iceberg involving the movement of significant sums of money by a highly motivated, unpaid cadre of the Unification Church. This latter activity could well generate taxable income within the meaning of sections 501, and 511-514 of the Internal Revenue Code. There is no showing that the church has qualified its activities under the Internal Revenue regulations and its income derived therefrom could well be taxable. (United States v Community Servs., 189 F2d 421; Eaton Foundation v Commissioner of Internal Revenue, 219 F2d 527; see Monterey Public Parking Corp. v United States of Amer., 321 F Supp 972, 976.)
The objective of the peddling and soliciting law of the Town of Greenburgh is to protect the community. It is an exercise of a legislative objective "to protect the citizens of the State against the cheats and frauds, or even thefts, which, as the experience of ages has shown, are likely to attend the itinerent and irresponsible peddling from place to place and from door to door”. (Emert v Missouri, 156 US 296, 311.) This court finds that there is no ambiguity in the Greenburgh Town Code and it is a valid exercise of police power.
CPL 100.40 (subd 1), relating to local criminal court accusatory instruments states as follows:
*31 "1. An information, or account thereof, is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15[6]; and
"(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
"(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
The factual portion of the information alleges that the defendants were exchanging lollipops for moneys for the benefit of the Unification Church without first having obtained a license to do so. This is alleged upon direct knowledge of the complainant, and if true, establishes each and every element of the violation within the definition of the Greenburgh Town Code prohibiting the selling or bartering of goods, wares or merchandise by going from place to place on foot without first obtaining a license as required by the code. The information is sufficient on its face. (People v Bohoy, 61 Misc 2d 1096; Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.40.)
Defendants also attack the statute as being vague in that a determination is required by some functionary that the solicitation is made for a bona fide charitable, religious or political organization. They claim that the town code fails to have any definition of religion and contains no definitions or criteria or standards for a person to determine whether the religious organization for which he seeks to solicit funds is bona fide or *32 qualified by a competent governmental body. In support of these contentions the defendants cite People v Abrahams (40 NY2d 277), finding unconstitutional the New York Sunday Laws due to the crazyquilt exceptions to the general closing directive, destroying any rational basis for the avowed purpose of the law; People v Berck (32 NY2d 567), where the New York City antiloitering statute was found unconstitutional for placing virtually unfettered discretion in the hands of the police thereby encouraging arbitrary and discriminatory enforcement and for failing to give adequate notice of the conduct to be avoided; and People v Munoz (9 NY2d 51), where an administrative code provision of the City of New York was held unconstitutional for vagueness for proscribing possession of two-bladed small pocket penknifes. The Green-burgh peddling and soliciting law contains none of these infirmities and all of the cases cited by defendants are distinguishable. The threshold question of what is religious is definable under our system of law. A whole body of statutory law, as expressed in the Religious Corporations Law, has been sanctioned to provide an orderly method for the administration of property of religious groups and to prevent them from exploitation from those who might divert them from the true beneficiaries of the trust. (Saint Nicholas Cathedral of Russian Orthodox Church in North Amer. v Kedroff, 302 NY 1, 29.) The sphere of legal activity of a religious corporation, which is separable from its ecclesiastic activities is governed and limited by the Religious Corporations Law. (Walker Mem. Baptist Church v Saunders, 285 NY 462, 467.) The purpose of the Religious Corporations Law is not to determine the ecclesiastical jurisdiction (Connitt v Reformed Prot. Dutch Church of New Prospect, 54 NY 551, 561), and a court can determine whether a proposed association is in essence truly a religious corporation although the court cannot pass judgment on the religious quality or spiritual probity of the faith sought to be promulgated and established. (Matter of Basilio Scientific Spiritual Co. Assn., 9 Misc 2d 389.) The courts have no hesitancy in defining religion in general terms, as a bond uniting man to God and a virtue whose purpose is to render God the worship due to Him as the source of all being and the principle of all government of things. (Nikulnikoff v Archbishop & Consistory of Russian Orthodox Greek Catholic Church, 142 Misc 894, 901, affd 238 App Div 837, affd 265 NY 664.)
*33 Defendants’ reliance on the leading case of Cantwell v Connecticut (310 US 296) is misplaced. There the Supreme Court held that the statute as construed was a censorship of religion as a means of determining its right to survive and thereby denied defendant his freedom of religion. Cantwell stands for the proposition that the First Amendment proscribes any governmental regulation of religious belief. (Cantwell v Connecticut, supra, p 303.) The Government may not compel belief in a deity as a condition of holding public office (Torcaso v Watkins, 367 US 488). The Government cannot discriminate against individuals or groups because they hold particular religious views different and abhorrent to authorities. (Fowler v Rhode Island, 345 US 67.) The taxing of licenses to sell books of a religious nature from door to door is prohibited. (Murdock v Pennsylvania, 319 US 105; see, also, Follett v McCormick, 321 US 573.)
On the other hand the free exercise clause does not proscribe governmental regulation of overt acts prompted by religious beliefs or principles. "[E]ven when the action is in accord with one’s religious convictions [same] is not totally free from legislative restrictions” (Braunñeld v Brown, 366 US 599, 603). Religious belief cannot be accepted as justification for an overt act made criminal by the law of the land, and a statute proscribing bigamy does not contravene the religious scruples of those practicing the bigamist marriage. (Reynolds v United States, 98 US 145.) Religious impulse must give way to regulatory labor laws. (Prince v Massachusetts, 321 US 158.) Mann Act violations cannot be sanctioned on the grounds of religious doctrine. (Cleveland v United States, 329 US 14.) In New York, the Sunday Laws (prior to their being held unconstitutional in People v Abrams, 40 NY2d 277, supra) were held not to run afoul the free exercise clause merely because its effect was to penalize Orthodox Jewish sabbath observance. (People v Finkelstein, 38 Misc 2d 791, affd 41 Misc 2d 35, affd 14 NY2d 608, cert den 377 US 1006.)
There is a strong presumption that a statute duly enacted by a legislative body is constitutional and that in order to declare a law unconstitutional the invalidity of the law must be demonstrated beyond a reasonable doubt. (Matter of Van Berkel v Power, 16 NY2d 37, 40; People v Pagnotta, 25 NY2d 333, 337.) The defendants have not shown how the governmental regulation is proscribed by any constitutional provision and have failed to sustain their burden of proof of *34 unconstitutionality beyond a reasonable doubt. Indeed, upon this record, it appears, that the Unification Church is not a bona fide religious organization.
This court takes judicial notice (People v Simari, 25 AD2d 485; see Richardson, Evidence [10th ed], § 30) that the Unification Church has instituted an action[7] to declare that certain real estate owned by the church in the Village of Tarrytown, Town of Greenburgh, be declared exempt from taxation. In that case the Unification Church alleges that it is organized exclusively for religious and charitable purposes and the primary purpose for which it is organized is to worship God and to study the teaching and practical application of divine principles, and moral and mental improvement in man. The Village of Tarrytown and the Town of Greenburgh have each revoked the tax exempt status of the real estate of the church. In the Supreme Court action the answers interposed by the Town of Greenburgh and the Village of Tarrytown clearly place in issue the claim by the church that it is organized essentially for religious purposes.
The presumption that the Town of Greenburgh and the Village of Tarrytown officials would not do anything contrary to their official duties must be given effect by this court. (Matter of Marcellus, 165 NY 70; Matter of Whitman, 225 NY 1.) In Culp v City of New York (146 App Div 326, 328) the court stated: "What was done the statute authorized the commissioner to do. The presumption is that he did not usurp a function, but rather that he did his duty and kept within the power conferred by the statute. If it was done without the statute, let the defendant make proof of it.”
The defendants have not come forward in this court with any evidence to overcome the presumption of regularity of the village and town action and the presumption must continue until substantial evidence to the contrary appears. (People v Richetti, 302 NY 290.)
This court finds that the peddling and soliciting law of the Town of Greenburgh is not vague or indefinite within the meaning of the Fourteenth Amendment of the United States *35 Constitution, nor is it unconstitutional as applied to the facts of the instant case.
For the foregoing reasons the motion of the defendants is in all respects denied. The cause is placed on the calendar of March 3, 1978 for all purposes.

. The complaint alleges as follows:
ACCUSATION
BE IT KNOWN THAT, by this information, Ptl. F.A. Bohlig, Jr. #237 as the Complainant herein, accuses Walter Wayne Wood, Eldridge Benjamin, Jr., Schon Wayne Straud the above named defendant, with having committed the offense of Peddlers Without License in violation of Section 21-3 Green-burgh Town Code Subdivision _ of the - Law of the State of
New York, a Class A Misdemeanor
Count One: License Required For Peddlers,
Town of Greenburgh Code Section 21-3.
Count Two: Class A Misdemeanor.
FACTS
THAT on the 11 day of June, 1977, at 1:20PM o’clock in the Afternoon of said day at Dalewood Shopping Center, North Central Ave., Hartsdale in the Town of Greenburgh, the defendants did knowingly and unlawfully engage in the business of peddlering within the Town of Greenburgh without having first duly obtained and having in force a license therefor as herein provided in said section.
TO WIT:
Said defendants at the above time, place and date did solicit by means of giving out lollie pops and asking for money for the Unification Church located at 723 South Broadway, Tarrytown, N.Y.
All of the above in violation of said statute made and provided for. The above allegations of fact are made by the Complainant herein on direct knowledge-
WHEREFORE, Complainant prays that a warrant be issued for the arrest of the
said---------
Ptl. F.A. Bohlig, Jr. #237 Complainant
Subscribed and sworn to before me this 11 day of June 1977
Title_

. Section 21-1 of the Greenburgh Town Code provides as follows:
"21-1. Title; application of provisions.
"This local law shall be known and may be cited as the 'Peddling and Soliciting *28 Law, Local Law No. 5, 1975’ of the Town of Greenburgh and shall apply to that portion of the Town of Greenburgh, Westchester County, New York, which lies outside the limits of any incorporated village situate therein. It is meant as an expression of the police power of the town and established in order to protect the community, not as a taxation or revenue-raising measure.”

. Section 21-3 of the Greenburgh Town Code provides as follows:
"21-3. License required for peddlers.
"It shall be unlawful for any person to engage in the business of peddler as defined in § 21-2 of this local law within that portion of the Town of Greenburgh which lies outside the limits of any incorporated village situated therein without having first duly obtained and having in force a license therefor as herein provided.

. Section 21-2 of the Greenburgh Town Code provides in part as follows:
"21-2. Definitions.
"For the purpose of this local law, certain words used herein are defined as follows: * * *
"peddler — Any person, who in any public street or public place, or by going from house to house or from place of business to place of business, on foot or from any vehicle, sells or barters, or offers for sale or barter, or carries or displays for sale or barter, any goods, wares or merchandise.”

. Section 21-6 of the Greenburgh Town Code provides in part as follows:
"21-6. Exemptions.
"Nothing in this local law shall be deemed to apply to any of the following * * *
"B. Any person soliciting or collecting for any bona fide charitable, religious or political organization; provided, however, that such organization shall have otherwise been certified or otherwise been duly qualified as required by law or by any competent governmental body or agency and met the requirements therefor of the Town of Greenburgh.”

. CPL 100.15, in pertinent part, states as follows:
"1. ** * * Each instrument must contain an accusatory part and a factual part * * *
"2. The accusatory part of each such instrument must designate the offense or offenders charged * * *
"3. The factual part of the such instrument must contain a statement of the complainant alleging facts of an evidentary character supporting or tending to support the charges * * * Nothing contained in this section, however, limits or affects the requirement prescribed in subdivision one of section 100.40, that in order for an information or account thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting deposition”.

. The Holy Spirit Association for the Unification of World Christianity, Inc., plaintiff, v The Village of Tarrytown, The Town of Greenburgh, The Board of Village Assessors of the Village of Tarrytown and the Assessor of the Town of Greenburgh, defendants, pending in the Supreme Court of the State of New York, County of Westchester.