Hon. Philip A. Crotty, Jr. Town Attorney, New Windsor
This is in response to your request for an opinion as to whether or not the Town of New Windsor can enforce its Hawking and Peddling Ordinance insofar as it concerns the activity of the Unification Church which consists of the sale of candy and flowers within the jurisdiction of the municipality.
Hawking and Peddling Ordinance of the Town of New Windsor, § 26-1, reads as follows:
 "No person, firm or private corporation may, within the confines of the Town of New Windsor, solicit, peddle or offer for sale to the inhabitants of the Town of New Windsor any household items, magazines, photographs, furniture, sundry items of any nature whatsoever, kiddie rides, horseback rides, pony rides, pony carriage rides, toys, wearing apparel, household tools and implements, pots and pans, or any other item prohibited by any statute of the State of New York, without first having secured a license from the Town Clerk. The Town Clerk shall be the authority for the issuance of such license permitting the peddling of the above items, but such authority shall be derived from the Town Board and the Town Board shall, upon application by an applicant for a license, review or pass upon the issuance of any such license. Such license shall be valid for a period of six (6) months and the Town Clerk shall receive as a fee from the applicant such sum as the Town Board from time to time shall determine."
In People of the State of New York v Homer Gage, 179 Misc. 638 (County Court, Broome County), the Court, at pages 640 and 641, said:
 "The purpose of the Ordinance as stated in said Ordinance is to assist in the government of the village, the management of its business, and the preservation of good order and peace, health, safety and welfare of its inhabitants and the protection and security of their property. It would therefore seem that the trustees of the village of Deposit, under the police powers granted and delegated to such body by the State of New York, had a perfect legal right to adopt such an ordinance which would, in its general application and within the limits of the Ordinance itself, be constitutional in its general application.
 "Police power is inherent in government to protect itself and its citizens; and reasonable laws to further public health, safety, morals and welfare of people may be enacted without violating the State and Federal Constitutions, but such laws must not be arbitrary, discriminatory, unreasonable or unduly oppressive or an infringement of the First and Fourteenth Amendments to the United States Constitution."
In that particular case, a member of the Jehovah's Witnesses was selling religious pamphlets within the jurisdiction of a village which had a peddlers and hawkers ordinance similar to the one herein. The Court, at page 641, stated as follows:
 "While I believe the Ordinance to be constitutional in its general application, at the same time I believe it to be unconstitutional as it applies to this case and to this defendant, and therefore the same is unenforceable against this defendant upon the present state of facts. My decision in reference to this case is strengthened and fortified by the decision in the case of People v. Finkelstein
(170 Misc. 188)."
The question before us does not involve the sale of religious pamphlets but the sale of candy and flowers for the benefit of the Unification Church. It would appear that the sale of these items would be covered under that portion of the Ordinance requiring the issuance of a license for the sale of sundry items of any nature whatsoever.
From the above, we conclude that there is no constitutional objection to the enforcement of the Hawking and Peddling Ordinance of the Town of New Windsor and that a license must be obtained by the Unification Church to sell candy and flowers within the jurisdiction of the Town of New Windsor.