Gerald VOGLINO and P. Russell Willett, owners and claimants of Five (5) Coin-operated Gaming Devices and Contents ($63.75), Appellants,

v.

UNITED STATES of America, Appellee.

No. 7596.

United States Court of Appeals Fourth Circuit.

Argued March 6, 1958.

Decided April 1, 1958.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and HOFFMAN, District Judge.

PARKER, Chief Judge.

■ This is an appeal from a judgment forfeiting five coin-operated gaming devices, which had been operated on premises leased by appellant Willett from appellant Voglino. The premises were acquired by Willett by lease from Voglino on June 12, 1956; and the five gaming devices, which were on the premises at that time, were allowed by Voglino, the owner, to remain on the premises under an agreement that he and Willett were to share equally in the profits and losses arising from their operation. Voglino had paid the tax imposed for the year ending June 30, 1956 by 26 U.S.C. § 4461(2); but no tax was paid by Willett for the period from June 12 to June 30, 1956, during which he was the occupant of the premises and forbidden by 26 U.S.C. § 4901 to engage in the business without payment of the tax. The machines were ordered forfeited under 26 U.S.C. § 7302 on the ground that when possessed by Willett they were intended for use by him in a business in which he was forbidden to engage without paying the tax. We think that this decision was correct for reasons adequately stated in the opinion of the District Judge. See 154 F.Supp. 731. The fact that Voglino had paid taxes for the year ending June 30 for carrying on a gaming business in which the machines were operated did not avail Willett; for the tax was imposed on the individual engaging in the business, not on the machines, and the payment of the tax by the individual was a condition precedent to his right to carry on the business. 26 U.S.C. § 4901(a).

■ Appellants made three contentions: (1) that Willett was not liable for the tax for the month of June 1956 because he did not occupy the premises during the whole of that month; (2) that the intent required by the statute was not established; and (3) that the statute under which the tax was imposed

Ellsworth T. Simpson, Washington, D. C., for appellants.

John R. Hargrove, Asst. U. S. Atty., Baltimore, Md. (Leon H. A. Pierson, U. S. Atty., Baltimore, Md., on brief), for appellee.

is unconstitutional. There is no merit in any of these contentions. Section 4901 (b) expressly provides that the tax shall be computed from the first day of the month in which liability for the tax commenced. The intent required by the statute, 26 U.S.C. § 7302, is that the gaming devices be used in the business subject to tax upon which the tax has not been paid. As to constitutionality, there can be no question as to the power of Congress to impose a tax on the carrying on of the business in which the machines were operated. United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754.

Affirmed.

Chief Judge PARKER, who prepared this opinion, died before the opinion was announced.