**UNITED STATES of America,**
**Libelant,**

v.

**FIVE (5) COIN–OPERATED GAMING DEVICES and $257.20 in Coin,**
**Respondent.**

**Civ. A. No. 105.**

United States District Court
W. D. Virginia,
Charlottesville Division.

Dec. 14, 1965.

MICHIE, District Judge.

This opinion is intended to supplement my earlier decision of October 15, 1965 in this matter, 246 F.Supp. 349 (W.D. Va.1965), where, inter alia, I held that I could not invoke my equity powers to mitigate the harshness of a statutory forfeiture.

The claimant Edwards now urges that the device seized at the Lee-Hi Truck Stop, Route 5, Lexington Virginia, and described as:

> One (1) *Bally Circus Queen* Coin-Operated Gaming Device, Serial No. A1941, containing $8.55 in coin

was an "additional machine" upon which the Form 11–B and tax was not due at the date of seizure. The evidence shows that there was another properly licensed coin-operated gaming device in operation on the premises and that the machine in dispute had been sent there as a replacement but since the repairman was able to repair the properly licensed machine on the premises, the replacement was not required. However, the evidence further shows that the repairman left this replacement machine, which then became an additional machine, at the request of the owner of the premises and that the claimant forwarded a Form 11–B to the owner within a couple of days thereafter.

Claimant's position is that the requirement of filing a return and paying the tax in advance of the use of the machine applies only to the first return on any place or premises and that in the case of an installation of an additional machine on the same premises a return need not be filed before it is placed in operation. With this contention I cannot agree.

Section 4461(a) (2) [1] of the Internal Revenue Code imposes a $250 tax on the person who maintains for use or permits the use on his premises of a coin-

James C. Roberson, Asst. U. S. Atty., Roanoke, Va., for plaintiff.

Robert M. Musselman, Charlottesville, Va., for defendant.

---

1. Subsequent to the seizure complained of here, Congress amended section 4461 to exclude amusement devices. 79 Stat. 148 (1965), 26 U.S.C.A. § 4461 (1965). As a result the subsections were redesignated; section 4461(a) (2) became 4461(a) (1) and section 4461(a) (3) became 4461(a) (2). In addition, sections 4462 and 4901 were also amended at the same time merely to reflect the change in section 4461. References in this opinion, however, are to the prior subsection designations, infra, note 2, which were in force on the date of seizure.

operated gaming device. Furthermore, there is a $250 tax imposed by § 4461(a)(3) per year on each additional device so maintained or used. While the tax is on the person described in § 4461 rather than on the machines themselves, and payment of the tax is a condition precedent to such person's right to carry on the business of so maintaining the de-

vices, Voglino v. United States, 253 F.2d 794 (4th Cir. 1958), the tax liability is computed on the basis of the number of machines so operating or maintained for operation on the premises. See Reg. § 45.4461-1, note 1, infra.

The applicable statutes and regulations at the time of the seizure complained of herein are set forth in the margin.[2]

2. The following statutes and applicable regulations are taken from 1961-1 CUM. BULL. 534-35, 604, 619-20.

Subpart C.—Occupational Tax on Coin-Operated Devices

§ 45.4461 STATUTORY PROVISIONS; IMPOSITION OF TAX

SEC. 4461. IMPOSITION OF TAX.

In General. There shall be imposed a special tax to be paid by every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated amusement or gaming device at the following rates:

(1) $10 a year, in the case of a device defined in paragraph (1) of section 4462(a):

(2) $250 a year, in the case of a [coin-operated gaming] device defined in paragraph (2) of section 4462(a); and

(3) $10 or $250 a year, as the case may be, for each additional device so maintained or the use of which is so permitted. If one such device is replaced by another, such other device shall not be considered an additional device.

＊  ＊  ＊  ＊  ＊

[Sec. 4461 as amended and in effect July 1, 1960]

[Reg.] § 45.4461-1 IMPOSITION OF TAX.—(a) In general.—Section 4461 imposes a special tax to be paid by every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated amusement or gaming device described in section 4462 and § 45.4462-1. ＊ ＊ ＊ Except as otherwise provided in paragraph (b) of this section, liability is incurred in respect of *each* coin-operated amusement or gaming device maintained for use, or permitted to be used, by a person on his premises during a particular year or portion thereof. Tax liability applies with respect to a device installed on the taxpayer's premises even though previously used on the premises of another person, and even though special tax for the same year or period or part thereof was paid by such other person with respect thereto. [Emphasis added]

(b) Replacements.—If a taxpayer replaces a device with respect to which he has paid special tax with a like device, no additional tax is payable. ＊ ＊ ＊

[Reg.] § 45.4461-2 RATES OF TAX.—(a) In general.—Except as otherwise provided in paragraph (b) of this section, the special taxes under section 4461 are imposed at the following rates:

(1) With respect to each "coin-operated amusement or gaming device" defined in section 4462(a) (1) . . . . $10 per year per device.

(2) With respect to each "coin-operated amusement or gaming device" defined in section 4462(a) (2) . . . . $250 per year per device.

＊  ＊  ＊  ＊  ＊

Subpart K.—General Provisions Relating to Occupational Taxes

§ 45.4901 STATUTORY PROVISIONS; PAYMENT OF TAX

SEC. 4901. PAYMENT OF TAX.

(a) Condition Precedent to Carrying on Certain Business.—No person shall be engaged in or carry on any trade or business subject to the tax imposed by section ＊ ＊ ＊ 4461(2) [4461(a) (2)] (coin-operated gaming devices), ＊ ＊ ＊ until he has paid the special tax therefor.

(b) Computation.—All special taxes shall be imposed as of on the first day of July in each year, or on commencing any trade or business on which such tax is imposed. In the former case the tax shall be reckoned for 1 year, and in the latter case it shall be reckoned proportionately, from the first day of the month in which the liability to a special tax commenced, to and including the 30th day of June following.

(c) How Paid.—

(1) Stamp.—All special taxes imposed by law shall be paid by stamps denoting the tax.

＊  ＊  ＊  ＊  ＊

[Sec. 4901 as originally enacted and in effect July 1, 1960]

[Reg.] § 45.4901-1 PAYMENT OF SPECIAL TAX.—(a) Condition precedent to carrying on certain business.—*No person shall maintain* for use or per-

The applicable regulation § 45.4461–1 states that liability is incurred in respect to *each* coin-operated device. This regulation goes on to impose an additional liability for each machine that is later brought on the premises in a capacity other than as a replacement. From the wording of this regulation it is clear that the machine in question before me now was in fact an "additional machine," as defined by that regulation. The question now becomes one of when the return on Form 11–B and the tax were required to be filed and paid, respectively, on this machine.

While § 4901 of the Internal Revenue Code provided that "no person shall be engaged in or carry on any trade or business" before he had paid the special tax, the applicable regulation § 45.4901–1 interpreted the statute as meaning that "no person shall *maintain* for use or permit the use of" a coin-operated amusement or gaming device until he has filed a return on Form 11–B and paid the special tax imposed by § 4461(a) (2).[3]

---

mit the use of, on any place or premises occupied by him, *a coin-operated amusement or gaming device* defined in section 4462(a) (2) (see paragraphs (b) and (c) of § 45.4462–1) *until he has filed a return* on Form 11–B and *paid the special tax imposed by section 4461(a) (2).* For other requirements relating to special taxes imposed by sections 4461, 4471, 4821, and 4841, see §§ 45.7011 and 45.-7011–1. [Emphasis added]

(b) Computation of special tax.—The tax year begins July 1 and ends June 30 of the following calendar year. Persons commencing business between August 1 and June 30 (both dates, inclusive) shall pay a proportionate part of the annual tax. The term "commencing business" in the case of a coin-operated amusement and gaming device means the initial maintenance for use on the taxpayer's premises of such a device. Persons in business for only a portion of a month are liable for tax for the full month, i.e., a person first becoming subject to a special tax on, for example, the 25th day of a month, is liable for tax for the entire month. If the business is discontinued prior to the end of the taxable year, the liability is not thereby reduced.

\*     \*     \*     \*     \*

§ 45.6071 STATUTORY PROVISIONS; TIME FOR FILING RETURNS AND OTHER DOCUMENTS.

SEC. 6071. TIME FOR FILING RE-TURNS AND OTHER DOCU-MENTS.

(a) General Rule.—When not otherwise provided for by this title, the Secretary or his delegate shall by regulations prescribe the time for filing any return, statement, or other document required by this title or by regulations.

(b) Special Taxes.—For payment of special taxes before engaging in certain trades and businesses, see section 4901 and \*   \*   \*.

[Sec. 6071 as amended and in effect July 1, 1960]

\*     \*     \*     \*     \*

[Reg.] § 45.6071–2 SPECIAL TAXES. —(a) Coin-operated gaming devices return on Form 11–B.—The first return required to be made on Form 11–B shall be filed, as provided in § 45.4901–1, to cover the period beginning with the first day of the calendar month in which a person engages in the trade or business of maintaining for use or permitting the use of, on any place or premises occupied by him, a coin-operated gaming device and ending with the following June 30. Thereafter, each return required to be made on Form 11–B shall be filed on or before July 1 to cover a 1-year period (beginning July 1 and ending June 30 of the following calendar year) during which the tax liability continues.

(b) Other special taxes.—In the case of persons liable for the special taxes imposed by sections 4461(a) (1) (relating to coin-operated *amusement* devices), \* \* \* the first return required to be made on Form 11 or Form 11–B, as the case may be, shall be filed before the last day of the month in which the business commences to cover the period beginning with the first day of such month and ending with the following June 30. Thereafter, each return required to be made on Form 11 or Form 11–B, as the case may be, shall be filed on or before the last day of July to cover a 1-year period (beginning July 1 and ending June 30 of the following calendar year) during which the tax liability continues. [Emphasis added]

3. Even though § 4901 refers to the tax levied under § 4461(a) (2), I find that this encompasses additional *gaming* devices which are taxed under § 4461(a) (3). The condition precedent of filing the return and paying the tax is imposed only on coin-operated *gaming* devices

As a result it would seem clear that the additional *gaming* device here in question would come within the purview of regulation § 45.4901–1 regarding the condition precedent to maintaining or permitting the maintaining, for use of such a device.

Claimant further argues that in light of recent amendments the additional device in question was not covered by the regulations in effect at the time of the seizure.

Subsequent to the seizure of these machines the Commissioner in T.D. 6774, 1964–2 CUM.BULL. 458, 459 amended the regulations relating to the payment of the tax and the time for filing returns in the cases of the coin-operated gaming devices. In doing so he stated that the purpose of the amendment was merely to clarify the existing regulations. These amended regulations are set out in the margin below.[4]

subject to the $250 tax and not on coin-operated *amusement* devices subjected to a $10 tax, the latter category having until the end of the calendar month of first use to comply. Since § 4461(a) (2) imposes the $250 tax on all *gaming* as opposed to *amusement* devices it was quite logical for § 4901 to refer to the *gaming* device provision rather than to § 4461(a) (3) which relates to both *amusement* and *gaming* devices. It is the owner of the premises upon which the machines are maintained or permitted to be maintained for use who is taxed and not the machines, though the amount of tax is calculated according to whether the machine is an amusement or gaming device and how many are so maintained or permitted to be maintained. See Reg. § 45.4461–1, note 1, supra.

4. T.D. 6774, 1964–2 CUM. BULL. 458, 459 CHAPTER 40.—GENERAL PROVISIONS RELATING TO OCCUPATIONAL TAXES SECTION 4901.—PAYMENT OF TAX
* * * * *
To Officers and Employees of the Internal Revenue Service and Others Concerned:

In order to *clarify* §§ 45.4901–1 and 45.6071–2 of the Miscellaneous Stamp Tax Regulations (26 CFR Part 45), relating to the payment of, and time for filing returns in the case of, special taxes, such sections are amended as follows:

PARAGRAPH 1. Section 45.4901–1 is amended by revising paragraph (a) to read as follows:
§ 45.4901–1 PAYMENT OF SPECIAL TAX.

(a) Condition precedent to carrying on certain business.—No person shall maintain for use or permit the use of, on any place or premises occupied by him, a coin-operated gaming device defined in section 4462(a) (2) (see paragraph (b) and (c) of § 45.4462–1) until he has filed a return on Form 11–B and paid the spe-

cial tax imposed by section 4461(a) (2). See § 45.6071–2 for time for filing Form 11–B. A separate tax is payable with respect to each such device so maintained for use or permitted to be used, and such tax must be paid before such device is so maintained or permitted to be used. For registration requirements relating to special taxes imposed by sections 4461, 4471, 4821, and 4841, see §§ 45.7011 and 45.-7011–1.
* * * * *
PAR. 2. Section 45.6071–2 is amended by revising paragraph (a) to read as follows:
§ 45.6071–2 SPECIAL TAXES.

(a) Coin-operated gaming devices return on Form 11–B.—If a person maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated gaming device as defined in section 4462(a) (2) (see § 45.4901–1), then before such device may be so maintained or permitted to be used a Form 11–B must be filed and the special tax imposed by section 4461(a) (2) must be paid. The first return required to be made on Form 11–B shall be filed to cover the period beginning with the first day of the calendar month in which such person first so maintains or permits the use of such device and ending with the following June 30. Thereafter each return required to be made on Form 11–B with respect to such gaming devices shall be filed on or before July 1 to cover a 1-year period (beginning July 1 and ending June 30 of the following calendar year) during which the tax liability continues. If a Form 11–B has been filed and the special tax imposed by section 4461(a) (2) has been paid with respect to one or more coin-operated gaming devices and if, after the filing of such form and the payment of such special tax and before the following July 1, one or more additional coin-operated gaming devices are to be maintained for use or permitted to be used, then with respect to such

In particular, the present Regulation § 45.6071–2 clearly indicates that in the case of an additional coin-operated gaming device a new Form 11–B must be filed and the special tax must be paid before such additional device can be maintained for use or permitted to be used. This is also provided in the amended Regulation § 45.4901–1.

After a careful study of the statutes and regulations and counsel's arguments, I find that the amended regulation relating to § 4901 did not change the import of the regulation as it existed at the time of the seizure. I agree with the Commissioner that it served merely to clarify the existing regulation. The import of that prior regulation § 45.4901–1, supra, note 1, was that no person could maintain for use or permit the use on his premises of a coin-operated gaming device until he had filed a return Form 11–B and paid the special tax imposed thereon.[5]

Furthermore, the use of the phrase "first return" in the prior regulation § 45.6071–2, supra, note 1, referred to the

first return on *each* machine regardless of whether it was the original or an additional machine and this view is strengthened by the reference in the regulation to Regulation § 45.4901–1. A reading of both the prior and present regulation § 45.6071–2 shows that the purpose of the regulation has been and still is to put the filing of returns and payment of the special tax on an annual basis running from July 1–June 30. Since it cannot be expected that machines will be placed in operation only in July, it therefore became necessary to provide means by which a taxpayer could phase into the annual reporting system. This is exactly what § 45.6071–2 purports to do by providing that the first return shall cover from the first day of the month in which the particular machine was placed in operation until the following June 30th.

■ Since I find that as a matter of law the tax was due on the device at the time it was first maintained or permitted to be used on the premises, the forfeiture will be enforced. Any question as to the clarity or misleading nature of the regu-

---

additional devices another return or returns on Form 11–B must be filed and the special tax (computed under paragraph (b) of § 45.4901–1) must be paid before such additional devices can be so maintained for use or permitted to be used.

\*     \*     \*     \*     \*

Because this Treasury decision amends the existing regulations merely by *clarifying* the requirements for filing a return on Form 11–B and for paying the special tax imposed by section 4461(a)(2) with respect to additional coin-operated gaming devices placed in operation during a taxable year, it is found that it is unnecessary to issue this Treasury decision with notice and public procedure thereon under section 4(a) of the Administrative Procedure Act, approved June 11, 1946, or subject to the effective date limitation of section 4(c) of said Act. [Emphasis added.]

(This Treasury decision is issued under the authority contained in section 7805 of the Internal Revenue Code of 1954 (68A Stat. 917; 26 U.S.C. 7805).)

\*     \*     \*     \*     \*

5. It is important to note that the Internal Revenue Code of 1939, § 3271 required

that as a condition precedent to maintaining gaming devices, the special tax imposed thereon be paid "in the manner provided in this chapter." However, the following section in the chapter, § 3272, stated that it was the duty of the special taxpayer to file his return and pay the tax not later than the last day of the calendar month in which the special tax liability commenced. These two provisions were construed as allowing the taxpayer until the last day of the month in which to file his return and pay his tax even though tax liability accrued at the commencement of business. Farmer v. United States, 128 F.2d 970 (10th Cir. 1942). However, in 1954 Congress omitted the contents of § 3272 from the Internal Revenue Code though it retained § 3271 except for the phrase, "in the manner provided in this chapter." This is the present section 4901. The import of the legislative action would seem to be that Congress intended to require the payment of the tax as a condition precedent to maintaining a gaming device for use and thereby legislatively overruled Farmer v. United States, supra. See United States v. Clare, 2 F. 55 (E.D.Pa. 1880).

lations must be addressed to the Secretary in an administrative proceeding as outlined in my prior opinion in this matter, since it is without the jurisdiction of this court to remit a forfeiture of a coin-operated gaming device.

An order will be entered accordingly.